**In re E.C. ERNST, INC., E.C. Ernst Midwest, Inc., E.C. Ernst International Corp., Debtors.**

**ALRICH ELECTRICAL CONTRACTING CO., INC., Movant,**

v.

**E.C. ERNST, INC., Respondent-Debtor.**

**Bankruptcy No. 78 B 2139–41.**

United States Bankruptcy Court, S.D. New York.

Dec. 28, 1983.

Wilson & Trotter, Augusta, Ga., for Alrich Elec. Contracting Co., Inc.

Shea & Gould, New York City, for debtors.

## DECISION ON MOTION TO MODIFY AUTOMATIC STAY

EDWARD J. RYAN, Bankruptcy Judge.

### FACTS

On December 1, 1978, E.C. Ernst, Inc. (Ernst) filed a petition for an arrangement under Chapter XI of the Bankruptcy Act of 1898. It thereafter continued in the operation and management of its business as debtor in possession.

At the time it filed its petition for an arrangement, Ernst was party to a joint venture agreement with Alrich Electrical Contracting Company, Inc. (Alrich). Ernst and Alrich now dispute their rights to certain assets of the joint venture derived from a contract between the joint venture and Bay-Con General, Inc. (Bay-Con).

The contract with Bay-Con was for the performance of electrical and construction work on the Horse Creek Pollution Control Facility in South Carolina. The assets in question became the property of the joint venture after the joint venture brought suit in the United States District Court for the Southern District of Georgia for Bay-Con's breach of the construction contract. In settlement of that action, Bay-Con deposited approximately $85,000 into the registry of the United States District Court in Georgia.

On May 2, 1980, Alrich filed a complaint in the Georgia Superior Court seeking a judgment declaring that: (1) Alrich was entitled to all proceeds derived from the joint venture's agreement with Bay-Con; (2) any and all rights Ernst had under the joint venture agreement were terminated. On June 23, 1980, a default judgment was entered against Ernst in the Georgia action.

On August 13, 1981, Ernst commenced an adversary proceeding in this court challenging the Georgia action. On June 3, 1981, this court vacated the default judgment because it was obtained in violation of the automatic stay provision of Bankruptcy Rule 11–44(a).

Alrich now moves for an order terminating the automatic stay so as to allow Alrich to maintain an action in either federal or state court in Georgia to determine Ernst's and Alrich's respective rights to the joint venture's $85,000.

Bankruptcy Rule 11–44(d) provides that the court may "for cause shown, terminate, annul, modify or condition" the automatic stay provided for by subsection (a) of that rule.

Ernst contends that Alrich bears the heavy burden of showing "exceptional circumstances" in order for this court to grant relief from the automatic stay. This argument is without merit. The burden is on the party opposing vacatur of the stay to show that he is entitled to its continuation. *In re Zeckendorf*, 326 F.Supp. 182 (S.D.N.Y. 1971); *In re Worley*, 16 C.B.C. 204 (Bankr. W.D.Va.1978).

Nothing has been shown by Ernst which would justify this court's continuing the stay of the litigation. Allowing the litigation to proceed will not impede the

debtor's reorganization. Alrich does not seek property of the estate; the fund in question is an asset of the non-debtor joint venture. The joint venturers should be able to litigate their rights and obligations in the forum most familiar with those rights and obligations.

The automatic stay is hereby modified so as to permit Alrich to commence or continue an action to liquidate the claims of Ernst and Alrich to the assets of the joint venture.

It is so ordered.