In re 343 EAST 43RD STREET HOLD-
ING CORPORATION, d/b/a La
Bibliotheque, Debtor.

Bankruptcy No. 84 B 11467.

United States Bankruptcy Court,
S.D. New York.

Feb. 13, 1985.

Angel & Frankel, P.C., Stein, Davidoff &
Malito, New York City, for debtor.

Webster & Sheffield, New York City, for
United Nations Development Corp.

DECISION AND ORDER ON MOTION
FOR MODIFICATION OF THE
AUTOMATIC STAY

EDWARD J. RYAN, Bankruptcy Judge.

On October 16, 1984, 343 East 43rd
Street Holding Corporation, doing business
as La Bibliotheque (Debtor) filed a volun-
tary petition for reorganization under
Chapter 11 of the Bankruptcy Code (Code).
The debtor had leased space from the Unit-
ed Nations Development Corporation
(UNDC) for use as a restaurant. Under
§§ 1107 and 1108 of the Code, the debtor
was authorized to operate and manage its
restaurant and remain in possession of its
property.

On August 3, 1983, the two sole share-
holders of the debtor were charged, as a
result of a federal criminal investigation, in
a thirty-five count indictment with conspir-
acy, income tax evasion and mail fraud
against UNDC during the years 1978–1981.
Subsequently, the two shareholders plead-
ed guilty to the first two charges and
served three months in prison and were
fined $10,000 for their crimes.

On April 13, 1984, UNDC instituted a
civil action in the Southern District Court
against the debtor and its shareholders to
seek redress for the injury suffered by it
as a result of the defendants' criminal
fraud, under the Racketeer Influenced and
Corrupt Organization Act (RICO). *United
Nations Development Corporation v. 343
East 43rd Street Holding Corporation,
William Gordon and Steven Meisels,* S.D.
N.Y., 84 Civ. 2650 (VLB). Prior to the
filing of debtor's Chapter 11 proceeding,
the respondents in the civil action moved to
dismiss the entire action. In addition, on
June 27, 1984, UNDC moved to obtain dis-
closure of certain materials from the
Government's criminal investigation of the
two shareholders of the corporation. The
materials are sought to establish the de-
frauding of the UNDC of a large amount
of percentage rent.

No answer to the complaint has been
filed. Of course, upon filing of the peti-
tion, the district court civil action was auto-
matically stayed. 11 U.S.C. § 362(a)(1).

Upon notice of motion, dated November
5, 1984, the landlord, UNDC, moved for a
modification of the automatic stay for the
limited purpose of allowing a disposition of
the motion for discovery in the civil action.

Modification or relief from the automatic
stay may be granted upon notice and a
hearing for cause. 11 U.S.C. § 362(d)(1).
Given the serious nature of the allegations

of rent fraud, there is good cause to proceed with discovery in the civil action. *See, In re Highcrest Management Co., Inc.,* 30 B.R. 776 (S.D.N.Y.Bankr.1983). The debtor will not be prejudiced significantly. The documents are held by the United States Attorney's Office. The debtor has not adequately met its burden of showing that it is entitled to continuation of the stay. 11 U.S.C. § 362(g); *see In re E.C. Ernst,* 35 B.R. 341, 342 (Bankr.S.D.N.Y.1983).

Accordingly, the court UNDC's motion to modify the automatic stay to allow disposition of the motion for discovery in the civil action, S.D.N.Y., 84 Civ. 2650, is granted.

It is so ordered.