**Leonard M. ROPFOGEL, as Administrator of the Estate of Henry C. Bennett, deceased, Plaintiff.**

v.

**Michael WISE, Monroe Friedman, Securities & Arbitrage Company, Wise Friedman Incorporated, and Merrill Lynch Money Markets, Inc. (formerly known as Becker Paribas Incorporated, a successor in interest to A.G. Becker Incorporated), Defendants.**

**No. 83 Civ. 2837 (MP).**

United States District Court, S.D. New York.

Oct. 23, 1986.

MILTON POLLACK, Senior District Judge.

### MEMORANDUM

Rule 42(b) of the Rules of Civil Procedure provides that "the Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or of any number of claims ... or issues...."

Pretrial proceedings have been held for more than a year in an effort to prepare this case for an expeditious and efficient trial. At the pretrial conference held on June 21, 1985, this Court observed that this case was "overprepared, overdone, and overclaimed." The final version of the Pre-Trial Order just supplied, consisting of 91 pages, is akin to that description.

A separate trial of plaintiff's claims against the defendant, Merrill Lynch Money Markets, Inc. (formerly known as Becker Paribas, Incorporated, a successor in interest to A.G. Becker, Incorporated) (hereinafter "Becker"), is granted in the interest of justice and fairness, in furtherance of convenience, and to avoid prejudice. Separate trials will be conducive to expedition and economy as well.

This is a suit by the administrator of the Bennett estate, based primarily on alleged misapplication of Bennett's funds and securities by W & F (the Wise and Friedman defendants). Becker had no relationship with Bennett, directly or indirectly, and did not assume W & F's obligations to or relations with Bennett. Becker's role was that of a clearing agent for the transactions of a firm of stockbrokers named Securities & Arbitrage Company (S & A), a private limited partnership which maintained accounts with Becker for S & A's own transactions and not for any public customers of that private partnership; S & A had no customers to whom it was beholden.

There is no claim of collusion or conspiracy, nor an identity of interests, between W & F and Becker in the matters pertaining to Bennett. Cash and securities belonging to Bennett were transferred from his brokerage account with Bear Stearns & Co. to the S & A account, purportedly to establish Bennett as a limited partner of S & A, and representing his capital contribution for that limited partnership interest. The transfer was made pursuant to transfer documents, admittedly signed by Bennett, including a subscription agreement to that partnership by Bennett. W & F is charged with having fabricated that subscription agreement, but not the papers authorizing and directing the transfer of the content of the Bear Stearns' account to S & A. Becker did not receive the Bennett property as the delivery of a public customer for a direct account with Becker. Becker cleared transactions for approximately 300 "accommodation" accounts only for the market maker accounts of brokerage house principals.

Becker owed no duty to persons who were not its customers, such as Bennett, who may have chosen either to be an investor in S & A, or merely a brokerage customer of W & F. S & A was not a brokerage firm, it was a securities customer of Becker. Becker's duties were not to the individuals who chose to invest in S & A, but to the partnership, S & A, on partnership transactions; the rights of the partners, general and limited, inter sese, were of no concern to Becker.

In the instant litigation, Bennett claims his securities and cash to have been con-

verted by the alleged fraud of W & F. Indeed, plaintiff's Memorandum of Law to the Court on June 21, 1985 states specifically that "Becker's liability rests primarily upon a theory of conversion." Plaintiff asserts, as a basis of its claim against Becker, that Becker converted Bennett's property due to Becker's awareness of facts putting it on notice of the alleged unauthorized use of the securities and cash by W & F.

The remoteness of Becker from Bennett, and the atmosphere certain to be created in Bennett's case against W & F on claims of the latter's alleged misconduct necessarily would present, at a joint trial of the separate and distinct claims of Bennett against W & F and those asserted against Becker, an overwhelming danger of unfair prejudice to Becker and confusion of the issues. Substantial trial disruption would result from the necessity for continuous instructions to the jury on the separate consideration of the voluminous prospective evidence as offered against only one party and not the other; this would require a feat of mental exclusion of insurmountable proportions on the part of a jury, truly assuring a descent into the Serbonian Bog.[1]

No perceptible prejudice of substance would inure to the plaintiff from successive trials should a trial of the claims against Becker still be indicated following the conclusion of trial of claims of the plaintiff against W & F. Were the latter to be terminated favorably to W & F, a possible end to Bennett's claims against Becker might ensue. The spillover effect of the charges against W & F of fraud in reference to the subscription agreement and the relationships between Bennett and W & F almost certainly, in a joint trial, would tend to inflame and unfairly prejudice a jury against Becker and give the plaintiff an unfair and unjust advantage.

The Court's power to sever claims and order separate trials is discretionary, requiring it to balance the factors of benefit

and prejudice that would result from different courses. *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1361 (2d Cir.1975).

The contention of the plaintiff that two trials will result in substantial duplication of the witnesses required is, on scrutiny of the witness testimony outlined in the Pre-Trial Order, both unreal and lacking in merit. The proper evidence to be adduced at the two trials would be drastically different and far simpler as to Becker, and not, as claimed by the plaintiff, substantially the same. Indeed, this relatively simple type of case has been infused by plaintiff with an enormous amount of baggage that is totally unnecessary and even, in certain aspects, improper, for purposes of the civil claims asserted.

Where, as here, the claims against, and defenses of, some parties are substantially different from those of others, a consolidated trial of the "mixed bag" works prejudice. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir.1973). An order for severance, to achieve separate trials of claims against disparate defendants, is firmly within the discretion of the trial Court under Fed.R. Civ.P. 42(b), *In re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir.1975).

Where the issues sought to be separately tried before a jury are significantly different from one another, and the results of discovery, as in this case, have suggested that they should not be tried together, and the separate issues require the testimony of different witnesses and documentary proof, and the party opposing the severance will not be prejudiced if it is granted, the direction to be taken by the Court is for separate trials. *Reading Industries, Inc. v. Kennecott Copper Corp.*, 61 F.R.D. 662, 664 (S.D.N.Y.1974).

To the same effect, *see:* C. Wright & A. Miller, Federal Practice and Procedure § 2389 (1971); *Payne v. A.O. Smith Corp.*, 99 F.R.D. 534, 536 (S.D.OH, 1983); *United States v. International Business Ma-*

---

1. "Where Armies whole have sunk. Milt." *The Shorter Oxford English Dictionary*, p. 1847 (1965); *cf. Diematic Mfg. Corp. v. Packaging*

*Industries, Inc.*, 516 F.2d 975, 978 (2d Cir.1975) (Mulligan, J.) (use of "Serbonian Bog" in a different context).

*chines Corp.*, 60 F.R.D. 654, 655 (S.D.N.Y. 1973); *Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F.Supp. 57, 65 (S.D.N.Y. 1981).

The parties have stipulated to sever the federal securities claims from the amended complaint herein. A separate trial is ordered of plaintiff's claims against Becker, to follow the conclusion of a trial of plaintiff's claims against the other defendants (W & F claims). A new Pre-Trial Order will thereafter be required.

So Ordered.