CUSHMAN AND WAKEFIELD, INC.

v.

Catherine A. BACKOS, Glen Eagle Square, Inc., VRG Corporation, and Valentino R. Galasso.

Civ. A. No. 91–0498.

United States District Court, E.D. Pennsylvania.

May 23, 1991.

Robert Korn, Korn, Kline & Kutner, Philadelphia, Pa., for plaintiff.

Harold E. Kohn, Robert A. Swift, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., for defendants.

## MEMORANDUM

LUDWIG, District Judge.

Plaintiff Cushman & Wakefield, Inc. moves to sever defendant Glen Eagle Square, Inc. and to proceed against the remaining defendants. Fed.R.Civ.P. 42(b).[1] On February 13, 1991 Glen Eagle filed a chapter 11 petition, which automatically stayed this action. 11 U.S.C. § 362(a).

### I.

According to the complaint, defendants Catherine A. Backos, Glen Eagle Square, Inc., and VRG Corporation defaulted on two promissory notes payable to plaintiff totalling $151,250. *See* complaint ¶¶ 8–9, 14; exh. A (March 6, 1989 note) and exh. B (March 8, 1989 note). In addition, there is a claim against defendant Valentino R. Galasso for $50,000 under a letter agreement in which he allegedly guaranteed payment

---

1. "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." Fed.R.Civ.P. 42(b).

by the other defendants up to that amount. *See* complaint ¶¶ 10, 15; exh. C.

Defendants Backos, VRG and Galasso object to the severance, arguing that "[d]efendant GES is an indispensable party to the pending Action such that the Action should not proceed without GES as a party defendant." Def. mem. at 1.[2] They contend that the notes referred to in the complaint were part of a brokerage transaction between plaintiff and Glen Eagle Square. *See* def. mem. at 2.

If defendant GES is severed, and assuming, *arguendo*, that Plaintiff succeeds on its claims against defendants Backos, Galasso, and VRG; then Backos, Galasso, and VRG will have indemnification claims against GES notwithstanding that GES will have had no opportunity to appear in this Action and assert its defenses and counterclaims against Plaintiff. The result will be an adverse impact on the debtor's estate in the GES bankruptcy proceeding, precisely the result the automatic stay seeks to avoid. Def. mem. at 5–6.

## II.

The automatic stay of chapter 11 bankruptcy, 11 U.S.C. § 362(a), is limited to debtors and ordinarily does not encompass non-bankrupt co-defendants. *See Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986). *Compare A.H. Robins Inc. v. Piccinin*, 788 F.2d 994, 999–1001 (4th Cir. 1986) (automatic stay may be extended to non-bankrupt co-defendants in unusual circumstances). "Chapter 11, unlike Chapter 13, contains no provision to protect non-debtors who are jointly liable on a debt with the debtor." *Teachers Insurance*, 803 F.2d at 65.

**2.** Defendants Backos, VRG, and Galasso also challenge this court's subject matter jurisdiction based on diversity. Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1332. The complaint alleges that plaintiff is a Pennsylvania corporation with its principal place of business located in New York. *See* complaint ¶ 1. Defendants Glen Eagle Square and Backos are alleged to be Pennsylvania citizens. *See* complaint ¶¶ 2–3.

Severance of such a bankrupt defendant, therefore, is proper unless that party is indispensable to the district court action. *See Climax Molybdenum Company v. M/V Seatrain Antwerp*, 51 B.R. 192, 195 (D.Md.1984); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.*, 10 B.R. 488, 491–93 (N.D.Ill.1981). Indispensability has been analyzed as follows:

Rule 19(b) suggests four "interests" that must be examined in each case to determine whether in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled.

First, the plaintiff has an interest in having a forum. Before the trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists.

Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another.

Third, there is an interest of the outsider whom it would have been desirable to join. Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered. This means, however, only that a judgement is not res judicata as to, or legally enforceable against, a nonparty. It obviously does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that (to the contrary) a court may always proceed without considering the potential effect on nonparties simply because they are not "bound" in the technical sense. Instead, as Rule 19(a) expresses it, the

Plaintiff's reply states "that the averment of the plaintiff's state of incorporation in paragraph one of the Complaint is incorrect. Plaintiff, Cushman & Wakefield, Inc., is a corporation organized and existing under the laws of the state of New York." Pltf. reply at 4. Plaintiff's request to file an amended complaint correcting the state of incorporation will be granted. Fed.R.Civ.P. 15(a).

court must consider the extent to which the judgment may "as a practical matter impair or impede his ability to protect" his interest in the subject matter.

.    .    .    .    .

Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. We read the Rule's third criterion, whether the judgment issued in the absence of the nonjoined person will be "adequate," to refer to this public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them....

*123 S. Broad Street Corp. v. Cushman & Wakefield,* 121 F.R.D. 42, 45 (E.D.Pa.1988) (citing *Provident Bank v. Patterson,* 390 U.S. 102, 106–07, 116–17 n. 12, 88 S.Ct. 733, 736–37, 741–42 n. 12, 19 L.Ed.2d 936 (1968)).

■ Here, plaintiff does not have an alternate forum in which to pursue its claims against the non-bankrupt defendants. *See Royal Truck & Trailer,* 10 B.R. at 492 ("particularly important here, is that the plaintiff has an interest in having a forum"); *Klaff v. Wieboldt Stores, Inc.,* 1988 WL 142163, 5 (N.D.Ill. Dec. 23, 1988) ("[P]laintiffs should not thus be denied a forum in which to pursue their claims

against those defendants who remain unshielded by the bankruptcy laws").[3]

■ Objecting defendants contend that "if severance is granted, and Plaintiff succeeds on its claims against defendants Backos, Galasso, and VRG, these defendants will be required to pursue indemnification from GES in a separate proceeding...." Def. mem. at 6. However: "A defendant's right to contribution or indemnity from an absent ... party does not render that absentee indispensable pursuant to Rule 19." *Bank of America v. Hotel Rittenhouse Associates,* 844 F.2d 1050, 1054 (3d Cir. 1988).

■ Defendants Backos and VRG are joint obligors with defendant Glen Eagle Square on the two promissory notes.[4] *See* pltf. exh. A and exh. B. A joint obligor on a note is primarily liable and can be sued as the sole defendant in an action.[5] *See Royal Truck & Trailer,* 10 B.R. at 492; 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1613 at 183 ("Joint obligors thus are treated as Rule 19(a) parties, but are not deemed indispensable under Rule 19(b)").

Any time a plaintiff does not join all possible defendants alleged to be jointly and severally liable, those parties who are joined suffer the risk of an inconsistent judgment result in a subsequent action for contribution or indemnification.

---

**3.** Objecting defendants argue that "plaintiff has an adequate remedy against GES, the party with which it entered into the brokerage arrangements, by pursuing any claims it has against GES in the bankruptcy proceedings." Def. mem. at 8.

Plaintiff responds that if severance is granted, it "will assert a claim against GES in the bankruptcy proceeding, and answering defendants may also assert [an indemnification or contribution] claim in the same amount against GES in the bankruptcy proceeding." Pltf. reply at 3.

Inasmuch as plaintiff could not bring its claim against all of the parties in the bankruptcy action, that court is not an alternative forum for plaintiff.

**4.** Objecting defendants contend that plaintiff's claims grew out of a brokerage arrangement between plaintiff and Glen Eagle Square. However, the complaint does not refer to the arrangement. Even the exhibits attached to the

response to the motion to sever do not relate the notes to such a transaction. *See* def. exh. A (letter dated September 26, 1988 appointing plaintiff broker and agent for construction loan); exh. B (letter dated July 25, 1988 appointing plaintiff broker and agent for mortgage loan); exh. C (invoice dated April 6, 1989 in the amount of $85,000 for commissions due); exh. D (invoice dated October 3, 1989 in the amount of $51,250 for commissions due).

**5.** Plaintiff's claim against defendant Galasso arises from a letter dated January 30, 1990 in which Galasso promises to pay $50,000 on behalf of Glen Eagle Square and Catherine Backos. *See* pltf. exh. C ("As you know I am not obligated to your company in any way. However, as an accommodation to Glen Eagle Square, Inc. and Catherine Backos, I have promised to pay you the sum of $50,000 ..."). Only defendant Galasso is obligated under this letter.

Such is the nature of joint and several liability and such is the case here.

*Bedel v. Thompson*, 103 F.R.D. 78, 81 (S.D.Ohio 1984).

The fourfold criteria for severance of Glen Eagle Square are met. Inasmuch as "equity and good conscience" also favor permitting plaintiff to proceed against the non-bankrupt defendants, its motion to sever will be granted.[6] *See Royal Truck & Trailer*, 10 B.R. at 493 (motion to sever bankrupt defendant granted); *Climax Molybdenum Company*, 51 B.R. at 195–96 (terminating discretionary stay against non-bankrupt defendants). *Contrast Federal Life Insurance Company v. First Financial Group of Texas, Inc.*, 3 B.R. 375, 376 (S.D.Texas 1980) (motion to sever bankrupt defendant denied when "plaintiff's allegations [of fraud and misrepresentation] against [defendants] are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding").

---

**6.** Defendants' argument that they "are faced with the dilemma of both multiple proceedings and potentially inconsistent obligations" is unhelpful. Def. mem. at 6. "Rule 19(a)(2)(iii) protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other." *Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa.1983).