◼ JAMES M. DE MATTEO et al., Plaintiffs, v BIG V SUPERMARKETS, INC., Doing Business as SHOPRITE, Defendant and Third-Party Plaintiff-Appellant. ALMOR CORPORATION, Third-Party Defendant-Respondent. [611 NYS2d 970] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered February 9, 1993 in Schenectady County, which, *inter alia,* granted third-party defendant's motion to dismiss the third-party complaint after a jury verdict awarding damages to plaintiffs.

On February 24, 1987 plaintiff James M. De Matteo (hereinafter De Matteo), while standing at the end of a checkout counter in a ShopRite supermarket, caught his foot in an approximately three-inch "toe space" gap between the bagger stand and the floor and fell. Following the close of defendant's proof, third-party defendant moved to dismiss defendant's complaint alleging strict products liability for failure to prove a prima facie case. Supreme Court reserved decision and submitted the case to the jury. The jury returned a verdict for De Matteo in the amount of $45,935.96 for personal injuries and apportioned liability between defendant and third-party defendant. Third-party defendant renewed its motion to dismiss and Supreme Court granted it. Defendant appeals.

It is well settled that "a manufacturer is under a nondelegable duty to design and produce a product that is not defective" *(Sage v Fairchild-Swearingen Corp.,* 70 NY2d 579, 586) and "[a] defectively designed product * * * is one which 'is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use' " *(supra,* at 586, quoting *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 479). One must balance the possibility of harm against the burden of preventing the harm in order to determine whether a product was defectively designed *(Sage v Fairchild-Swearingen Corp., supra,* at 586). In order to prove a prima facie case in strict products liability for design defects, a plaintiff must show that the manufacturer marketed a product which was not reasonably safe in its design, that it was feasible to design the product in a safer manner and that the defective design was a substantial factor in causing the plaintiff's injury *(Voss v Black & Decker Mfg. Co.,* 59 NY2d 102).

Based upon our review of the record, we find that defendant's proof was sufficient to establish a prima facie case of strict products liability based upon the defective design of the bagger stand. It was undisputed that third-party defendant designed, manufactured and sold the bagger stand, which was received and installed by defendant without any alteration or modification. In substance, plaintiff's expert witness testified that the "toe space" design depicted in the photographs, which was the proximate cause of plaintiff's injury, constituted a hazard which could have been easily remedied by increasing the height of the "toe space" or installing a kickplate. This case was properly submitted to the jury in the first instance.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted third-party defendant's motion; said motion denied, verdict against third-party defendant reinstated and matter remitted to the Supreme Court for apportionment of liability between defendant and third-party defendant.