Marlea Ann CASHMAN and Jeffrey
Cashman, Plaintiffs,

v.

MONTEFIORE MEDICAL CENTER, Allen Kantrowitz, M.D., Craig D. Hall, M.D., Codman and Shurtleff, Inc., Dow Corning Corporation, Dow Chemical Corporation, and Corning, Inc., Defendants.

No. 92 Civ. 4551 (PKL).

United States District Court,
S.D. New York.

Jan. 25, 1996.

Deborah Polito, Weitz & Luxenberg, P.C., New York City, for plaintiffs.

Stephanie Fell, Patterson, Belknap, Webb & Tyler, New York City, for Ortho Pharmaceutical.

Kelly D. Massey, Jacob Medinger Finnegan & Hart, New York City, for Dow Chemical Corp.

Matthew Schultz, Martin Clearwater & Bell, New York City, for Valley Forge Scientific Corp.

Alan B. Friedberg, Bartlett McDonough Bestone & Monaghan, White Plains, New York, for Montefiore Medical Center, Allen Kantrowitz, M.D. and Craig D. Hall, M.D.

Robin Schmigelski, Lester Schwab Katz & Dwyer, New York City, for Dow Corning Corp.

### MEMORANDUM AND ORDER

FRANCIS, United States Magistrate Judge.

The plaintiffs in this case, Marlea Ann Cashman and her husband, Jeffrey Cashman, allege that Ms. Cashman has sustained substantial physical and emotional injuries as a result of the defendants' negligent actions. The plaintiffs have moved pursuant to Rule 42(b) of the Federal Rules of Civil Procedure to sever defendant Dow Corning Corporation ("Dow Corning"). Defendants Montefiore Medical Center, Allen Kantrowitz, M.D. and Craig Hall, M.D. oppose the motion.

*Facts*

Marlea Cashman was severely injured as a result of a 1971 automobile accident. Second Amended Complaint dated January 4, 1994 ("Complaint"), ¶ 28. The same year, as part of her treatment, the plaintiff received interfacial and intercranial silicone injections. Complaint, ¶ 30. The silicone product uti-

lized in the operation was manufactured, sold, and distributed by the defendants Dow Corning, Dow Chemical Co. and Corning, Inc. Complaint, ¶ 32. Following the operation, the plaintiff developed severe pain and other symptoms requiring surgery. Complaint, ¶ 34. From September 7, 1989 to April 23, 1990 the plaintiff underwent treatment for her condition at Montefiore Medical Center where she was treated by Dr. Kantrowitz and Dr. Hall. Complaint, ¶¶ 37–38. In the course of this treatment, a prosthesis was inserted into the plaintiff's forehead on September 27, 1989. Complaint, ¶ 41. The prosthesis was designed, manufactured, tested, and sold by defendants Codman and Shurtleff, Inc. ("Codman & Shurtleff") and Valley Forge Scientific, Inc. ("Valley Forge"). Complaint, ¶¶ 44–45. As a result of this treatment the plaintiff suffered pain, infection, and complications warranting further reconstructive surgery.

The plaintiff alleges that defendants Montefiore Medical Center, Dr. Hall, and Dr. Kantrowitz were negligent in treating her and in failing to fully disclose to her the risks and benefits of the procedures. Complaint, ¶¶ 50, 54–55. She also alleges that defendants Codman & Shurtleff and Valley Forge are strictly liable to her for designing, manufacturing, and selling a defective prosthesis that contributed to her injuries. Complaint, ¶¶ 59–69. The plaintiff also alleges negligence and breach of warranty on the part of theses defendants. Complaint, ¶¶ 70–105.

The plaintiff further alleges that Dow Corning is liable to her for failure to warn her of the dangers of silicone implants, breach of implied warranties, and negligent control and monitoring of the distribution of liquid silicone. Lastly, she asserts a claim of strict products liability against Dow Corning. Complaint, ¶¶ 106–135. Finally, plaintiff Jeffrey Cashman alleges that as a result of the defendants' actions he was deprived of the love, services, society, and consortium of his wife, Marlea Cashman. Complaint, ¶ 142.

Dow Corning recently filed for bankruptcy.

*Discussion*

The plaintiffs seek to sever Dow Corning from this action on the ground that they will be prejudiced if this case does not go forward because all litigation against Down Corning has been stayed pursuant to the automatic stay provisions of 11 U.S.C. § 362(a).[1] They argue that Dow Corning's co-defendants are not entitled to the benefits of the automatic stay and that Dow Corning, as an alleged joint tortfeasor, is not an indispensable party to this action. The other defendants oppose this motion on the grounds that Dow Corning is an indispensable party and they would be severely prejudiced if it is severed. Affidavit of Alan B. Friedberg, dated Dec. 19, 1995 ("Friedberg Aff."), ¶ 3.

 Rule 42(b), which governs motions for severance, provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed.R.Civ.P. 42(b). The decision whether to sever a party or a claim is within the broad discretion of the district court. *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir.1988). In making such a determination, a court must consider

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof,

---

1. The pertinent portion of this section states:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

(3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*German v. Federal Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1400 (S.D.N.Y.1995).

■ The plaintiffs correctly argue that Dow Corning's co-defendants are not entitled to the automatic stay.[2] *Teachers Ins. & Annuity Assoc. of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986); *Elias v. Sitomer*, No. 91 Civ. 8010(MBM), 1992 WL 370419 at *3 (S.D.N.Y. Dec. 7, 1992); *In re Johns–Manville Corp.*, 26 B.R. 405, 409 (S.D.N.Y. 1983). They are similarly correct in that Dow Corning, as a joint tortfeasor, is not an indispensable party to this action. *See Samaha v. Presbyterian Hospital in the City of New York*, 757 F.2d 529, 531 (2d Cir.1985); *Reach v. Pearson*, 860 F.Supp. 141, 144 (S.D.N.Y.1994); *see also Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir.1983); 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1623, at 342 (1986). Some courts have found severance appropriate where the bankrupt co-defendant was not indispensable. *See e.g., Dental Benefit Management, Inc. v. Capri*, 153 B.R. 26, 28 (E.D.Pa.1992) ("The automatic stay of the bankruptcy court protects Reeves [the bankrupt party], but it does not ordinarily protect non-bankrupt co-defendants. As a result, it is appropriate to sever Reeves so long as he is not an indispensable party[.]")

However, I still need to decide whether severing Dow Corning will serve the interests of efficiency and help to avoid prejudice to the parties.

### 1. *Prejudice to the Defendants*

■ The defendants contend that they will be prejudiced if Dow Corning is not a party to this action. As one court noted, "[i]n practical terms the defendants are distressed principally because they must withstand the plaintiffs' assault without [the

bankrupt defendant's] presence, with all that entails." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir.1983). However, that alone does not provide a reason for extending the stay to solvent co-defendants. *Id.* Severance of Dow Corning is the only alternative to granting the stay for all parties in this action. If this court concludes that the defendants have not demonstrated prejudice sufficient to warrant a stay of the entire action, it is appropriate to sever Dow Corning. *See, e.g., E.I. DuPont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*, 93 Civ. 2462(KMW), 1995 WL 312505, at *5 (May 22, 1995 S.D.N.Y.) ("Because [solvent co-defendant] would not be entitled to a stay under § 362(a), I find that it is not unjust to sever [it] from the instant action currently stayed pursuant to § 362(a).") (granting motion to sever under Rule 21).

The defendants argue that because Dow Corning supplied the silicone that was used in Marlea Cashman's initial surgery, it is responsible for the injuries and damages that the complaint alleges. Friedberg Aff. ¶ 4–5. Regardless of the merit of this theory, the defendants have not supplied convincing evidence of the potential prejudice that would result from severance. The section 362(a) stay against Dow Corning merely prohibits a party from suing it or enforcing a judgment against it, it does not preclude Dow Corning from being summoned as a witness or responding to non-party discovery. 11 U.S.C. § 362(d)(1); *In re 343 East 43rd Street Holding Corporation*, 46 B.R. 562, 562–3 (S.D.N.Y.1985) (gravity of fraud allegations good cause for modifying stay to allow discovery); *In re Johns–Manville Corp.*, 41 B.R. 926, 932 (S.D.N.Y.1984) (limited discovery permitted where debtor was only source of exculpatory or mitigatory evidence). Thus, Dow Corning's co-defendants will be able to present at trial evidence that Marlea Cashman's injuries were caused by defective silicone rather than negligent actions of Dr. Kantrowitz, Dr. Hall, or Montefiore Medical Center.

---

**2.** Although Dow Corning's co-defendants are not entitled to the automatic stay under Section 362(a), this Court has equitable power to grant a stay of this action pending the resolution of Dow Corning's bankruptcy proceedings if that would be in the interests of justice and efficiency. *See Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir.1983).

Moreover, the claims of negligence and failure to inform asserted against the individual doctors and the medical center are entirely independent of the product liability and breach of warranty claims against Dow Corning.[3] The plaintiffs do allege that the faulty silicone implants caused Ms. Cashman to suffer severe physical and emotional pain. Complaint, ¶ 34. That does not mean, however, that those injuries could not have been exacerbated and additional injuries caused by allegedly negligent and wrongful conduct of the medical center and the individual doctors.

The defendants also point out that the plaintiffs chose to amend their complaint to include Dow Corning, rather than to sue it in a separate action. Friedberg Aff. ¶ 5. They imply that this tends to show that even the plaintiffs deemed Dow Corning an indispensable party. This argument is not persuasive. Parties that are not indispensible may nonetheless be joined in a single action for purposes of efficiency.

### 2. *Prejudice to the Plaintiffs*

█ Marlea Cashman's poor health weighs strongly in favor of allowing severance. The plaintiffs contend that given the state of Mrs. Cashman's health they would be severely prejudiced if the depositions could not go forward immediately. Affidavit of Deborah Polito dated Nov. 29, 1995 ("Polito Aff.") ¶ 4.

In *Williford,* the court refused to grant a stay to co-defendants of the bankrupt party on precisely this ground:

> Of particular significance in balancing the competing interests of the parties in the case at bar are the human aspects of the needs of a plaintiff in declining health as opposed to the practical problems imposed by the proceedings in bankruptcy, which very well could be pending for a long period of time.

715 F.2d at 127–28; *see also Wedgeworth,* 706 F.2d at 545 ("The realities of the hardship of a stay on the plaintiffs, many of whom allege that they are dying from asbestosis, is substantial and, in some instances, permanent.").

Clearly, if the action is put on hold indefinitely due to Dow Corning's bankruptcy, the plaintiffs would be severely disadvantaged. The defendants argue that the plaintiffs could avoid the prejudicial consequences of Dow Corning's bankruptcy by agreeing to limit themselves to Dow Corning's insurance coverage. *See* Friedberg Aff. ¶ 8. However, the plaintiffs allege losses far in excess of the policy limit and cannot be required to abandon a substantial portion of their claims as the price for proceeding expeditiously with the case.

### 3. *Efficiency and Judicial Economy*

█ Finally, the Court must consider the potential overlap in discovery, witnesses, and other evidence that would be presented at separate trials should Dow Corning be severed. *See Barr v. Dramatists Guild, Inc.,* 573 F.Supp. 555, 561 (S.D.N.Y.1983). Severance is inappropriate where the claims to be severed arise out of the same transaction or series of transactions as those remaining in the main action, because it would then create duplicative litigation. *Levine v. Federal Deposit Ins. Corp.,* 136 F.R.D. 544, 550 (D.Conn.1991).

█ Whether the issues of fact and law are sufficiently intertwined to render severance inappropriate must be decided on a case-by-case basis. As noted earlier, the claims against Dow Corning and its co-defendants arise out of separate, albeit related, transactions. *Cf. Streeter v. Joint Indus. Bd. of Electrical Indus.,* 767 F.Supp. 520, 529 (S.D.N.Y.1991) (no severance of discriminatory discharge claims from claims of hostile environment sexual harassment where claims arose out of series of discriminatory actions and it was alleged that all defendants constituted joint enterprise). The claims against Dow Corning relate to the surgery in the early 1970s following Mrs. Cashman's automobile accident and the silicone injections that she received during that surgery. The claims against Dr. Hall and Dr. Kantrowitz and Montefiore medical center relate to treatment in 1989. The claims against defendants Valley Forge and Codman & Shurtleff

---

**3.** Although defendants Valley Forge and Codman & Shurtleff have not addressed the severance motion, the same reasoning applies to the claims asserted against them.

arise out of the allegedly defective prosthesis used in the 1989 surgery.

 Clearly, some overlap in testimony presented at the two trials is inevitable. Under New York law the plaintiff asserting a strict products liability claim based on a design defect must prove (1) "that the manufacturer marketed a product that was not reasonably safe in its design"; (2) "that it was feasible to design the product in a safer manner"; and (3) "that the defective design was a substantial factor in causing the plaintiff's injury". *DeMatteo v. Big V Supermarkets Inc.*, 204 A.D.2d 932, 933, 611 N.Y.S.2d 970, 971 (3rd Dep't 1994) (citing *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107, 463 N.Y.S.2d 398, 402, 450 N.E.2d 204 (1983)). To prove a *prima facie* negligence case the plaintiff must show that (1) the defendant owed the plaintiff a duty of care; (2) the defendant failed to exercise that duty; and (3) the failure to do so proximately caused the plaintiff's injuries. *Schimmenti v. Ply Gem Industries, Inc.*, 156 A.D.2d 658, 659, 549 N.Y.S.2d 152, 154 (2d Dep't 1989) (citing 79 N.Y.Jur.2d *Negligence* § 8).

Thus, in both Dow Corning's products liability trial and the co-defendants' negligence trial, the testimony will address Mrs. Cashman's health before and after the silicone injections, as well as before and after 1989 treatment. A certain overlap of evidence can be expected on the issue of causation. Dow Corning, undoubtedly, will argue that Mrs. Cashman's injuries resulted from negligent treatment in 1989, while the doctors and the medical center will assert that her injuries are due to the silicone manufactured and distributed by Dow Corning. Therefore, some portion of the expert testimony will have to be repeated in both trials.

However, a substantial part of the evidence presented in the case against the doctors and the medical center (such as testimony with regard to relevant professional standard and Ms. Cashman's informed consent, if any) will not have to be duplicated in the breach of warranty and products' liability case against Dow Corning.

Aside from questions of efficiency, the two trial scenario may present a danger of inconsistent verdicts; each jury could hand down a verdict for the defendants, finding the absent tortfeasor at fault each time, and leaving the plaintiff without a remedy. *See Foremost Guaranty Corp. v. Public Equities Corp.*, 1988 WL 125667 at *6 (S.D.N.Y. Nov. 10, 1988) (no severance where there is risk of inconsistent verdicts); 9 Charles A. Wright & Arthur R. Miller § 2389, at 498 ("plaintiff should not, in a forced separation, be put to the hazard of two juries, each believing the absent tort-feasor the wrongdoer."). In the present case, however, it is the plaintiffs who have moved for severance, and any risk of prejudice to them from inconsistent verdicts may therefore be discounted.

The court's discretionary grant of severance requires it "to balance the factors of benefit and prejudice that would result from different courses." *Ropfogel v. Wise*, 112 F.R.D. 414, 416 (S.D.N.Y.1986) (citing *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1361 (2d Cir.1975)). Having weighed the various competing considerations, I find that the prejudice to the plaintiffs if the proceedings stall, combined with the lack of any clear showing of prejudice to the defendants, outweighs the potential inefficiencies in discovery and in multiple trials. The procedural posture of this case distinguishes it from many others involving severance. While in some cases the alternative to severance is the joint trial of claims or parties, here it is denying the plaintiffs any trial until Dow Corning's bankruptcy proceedings are resolved. Thus, the potential prejudice to the parties should be given particular weight.

*Conclusion*

For the reasons stated above, plaintiffs' motion is granted, and the claims against Dow Corning are severed from this action.

SO ORDERED.