■ DANIEL A. GARRISON, III, et al., Respondents, v WM. H. CLARK MUNICIPAL EQUIPMENT, INC., et al., Appellants, et al., Defendants. [661 NYS2d 94] —Peters, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 2, 1996 in Albany County, which partially denied motions by defendants Wm. H. Clark Municipal Equipment, Inc. and Super Products, Inc. for summary judgment dismissing the complaint against them.

Plaintiff Daniel A. Garrison, III (hereinafter plaintiff) was employed by the Highway Department of the Village of Colonie in Albany County. On August 8, 1991, he was cleaning a storm-sewer drain with a truck called a "CamelJET", manufactured by defendant Super Products, Inc. (hereinafter Super Products), which contained a water tank and pump used to power a high pressure water hose. Simultaneously, another Village employee, John McCauley, was operating a sewer-vacuuming machine, called a "Vac-All", in close proximity to the Camel-JET. While plaintiff was standing under a metal canopy door of the CamelJET operating its controls, McCauley raised the Vac-All tube out of the catch basin which then hit the canopy door. The door disconnected and struck plaintiff, causing serious injury.

Plaintiff and his wife, derivatively, commenced this products liability action against, among others, Super Products and de-

fendant Wm. H. Clark Municipal Equipment, Inc. (hereinafter Clark), its distributor, alleging design defects and failure to warn. Upon motions for summary judgment by Super Products and Clark, Supreme Court dismissed the failure to warn claim and denied the remainder of the motions. Super Products and Clark appeal.[1]

It is well settled that a manufacturer is duty bound "to exercise that degree of care in his plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner * * * intended * * * [or] an unintended yet reasonably foreseeable use" (*Micallef v Miehle Co.*, 39 NY2d 376, 385-386 [citations omitted]). Here, Super Products met its initial burden by its proffer of proof, in the form of affidavits from its president and Clark's vice-president, that they had no knowledge that the CamelJET would be used in connection with the Vac-All and that there existed no history of design defects with respect to the metal canopy door (*see, Kelly v Academy Broadway Corp.*, 206 AD2d 794).

With the burden now shifted to plaintiff, the evidence established that it was common practice for the CamelJET to be used simultaneously with the Vac-All. Moreover, in juxtaposition to all previous allegations of Super Products and Clark, plaintiff proffered a brochure showing a new vehicle marketed by Super Products which combined the functions of both the CamelJET and the Vac-All. The testimony of a Highway Superintendent for the Town of Colonie confirmed that it was essential that the two vehicles be operated simultaneously to be effective for their intended purpose.

As to the design of the CamelJET, incorporating a metal canopy door weighing 47.5 pounds and supported by two pins, plaintiff produced his expert's testimony that such design was not reasonably safe and that it was feasible to design it in a safer manner (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102; *Ruthosky v John Deere Co.*, 235 AD2d 620; *De Matteo v Big V Supermarkets*, 204 AD2d 932). Since the requisite risk-utility analysis (*see, Denny v Ford Motor Co.*, 87 NY2d 248; *Voss v Black & Decker Mfg. Co., supra*) is properly left to the

---

1. Plaintiffs' appeal from Supreme Court's denial of their motion for leave to serve an amended complaint was previously before this Court (*see, Garrison v Clark Mun. Equip.*, 239 AD2d 742).

jury, we agree with Supreme Court that summary judgment was properly denied (*see, Gokey v Castine*, 163 AD2d 709).[2]

We further find that while the metal canopy door may have contributed significantly to plaintiff's injuries, the operator of the Vac-All may be found to bear substantial responsibility for the accident. Hence, the determination "of whose fault played the more critical role in its causation is properly left to the fact finder" (*Facci v General Elec. Co.*, 192 AD2d 991, 992-993).

Turning to the manufacturing defect claim, we find the conclusory assertion of plaintiff's expert, Henry Sneck, that the hinges of the canopy door were spot-welded rather than bolted and his analysis of the design specifications to the effect that the doors should have been bolted, insufficient to sustain the claim. Sneck's affidavit failed to allege the basis for his determination that bolting was superior to welding and that if the door had been bolted, the accident would not have occurred. This omission, coupled with his failure to provide documentary evidence to support his conclusions, warrants a dismissal (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525; *Van Buskirk v Migliorelli*, 185 AD2d 587, *lv denied* 80 NY2d 761).

Accordingly, we modify the order of Supreme Court by reversing that part of the order which denied the dismissal of the manufacturing defect claim.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Super Products, Inc. and cross motion of defendant Wm. H. Clark Municipal Equipment, Inc. for summary judgment dismissing plaintiffs' manufacturing defect claim; motion and cross motion granted to that extent, partial summary judgment awarded to said defendants and said claim dismissed against them; and, as so modified, affirmed.

---

2. The fact that the canopy door was offered as an option is not of assistance to defendant since "[i]t is the manufacturer who must bear the responsibility if its purposeful design choice presents an unreasonable danger to users" (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 480; *cf., Jackson v Bomag GmbH*, 225 AD2d 879, *lv denied* 88 NY2d 805).