Erika HECHT, Plaintiff,

v.

The CITY OF NEW YORK, 139 East 63rd Street, Inc., Brown Harris Stevens Residential Management, LLC d/b/a Brown Harris Stevens, Vanderbilt Properties, LLC, and Charles Greenebaum, Defendants.

No. 02 Civ. 4029 (JGK).

United States District Court,
S.D. New York.

July 29, 2003.

### OPINION AND ORDER

KOELTL, District Judge.

The plaintiff, Erika Hecht ("Hecht"), brings this suit alleging that the defendants' negligence caused her to slip and fall on ice and sustain physical and mental injuries. Hecht moves to sever the action as to the defendants 139 East 63rd Street, Inc., Brown Harris Stevens Residential Management, LLC ("Brown Harris Stevens"), and Vanderbilt Properties, LLC ("Vanderbilt") pursuant to Rule 21 or Rule 42(b) of the Federal Rules of Civil Procedure and the inherent powers of the Court. Defendants the City of New York ("the City") and Charles Greenebaum ("Greenebaum") oppose the motion.

### I.

The complaint alleges the following facts which the Court accepts for purposes of this motion. On the evening of January 1, 2002, Hecht was walking in front of 139 East 63rd Street when she slipped and fell on a patch of ice. (Compl.¶¶ 17–18, 20.) As a result of the accident, the 69 year old plaintiff suffered personal injuries including a broken left shoulder, a fractured left arm, and aggravation of a prior cervical spine condition. (Compl.¶ 22.) Hecht required surgery, pain medication, and physical therapy to treat these injuries. (*Id.*) The accident caused Hecht extreme pain and suffering as well as mental anguish and distress. (*Id.*)

The plaintiff alleges that Greenebaum, the resident of apartment 15B of 139 East 63rd Street, left the water supply to his terrace garden hose on in freezing temperatures, and that as a result the nozzle of the hose broke, water leaked off the terrace, and ice formed on the sidewalk and street below. (Compl.¶¶ 13, 19.) Hecht alleges that Greenebaum together with the property owners, 139 East 63rd Street, Inc., and the property managers, Brown Harris Stevens, and Vanderbilt, were negligent "in permitting water to pour onto the street and sidewalk below the premises." (Compl.¶¶ 5, 10, 12, 31.) The plaintiff further alleges that all the defendants, including the City and in particular the New York City Fire Department, were negligent in permitting a sheet of ice to form on the sidewalk, in failing to properly warn of the hazard, and in not cordoning off or sanding the icy area. (Compl.¶ 21, 31.)

The papers on the current motion show that Legion Insurance Company ("Legion") insures the defendants 139 East 63rd Street, Inc., Brown Harris Stevens, and Vanderbilt. Legion is currently in Rehabilitation in Pennsylvania, where a court has stayed all actions against Legion's insureds. (Order of Rehabilitation dated March 28, 2002 attached as Ex. A to Pl.'s Motion to Sever ("Order of Rehabilitation") ¶ 24.)

### II.

Hecht brings this motion for severance pursuant to Rule 21 of the Federal Rules of Civil Procedure, "Misjoinder and Non-joinder of Parties," which allows severance of parties or claims from a suit, but acknowledges that the motion could alternatively be termed a motion for separate trials under Rule 42(b) of the Federal Rules of Civil Procedure, which authorizes the Court to order separate trials of claims "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy...." Rule 21 results in two separate judgments on the severed claims, while separation of trials under Rule 42(b) results in one judgment unless the court enters a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure before all the claims have been resolved. *See*

*Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 204 F.R.D. 248, 250 (S.D.N.Y.2001); *German v. Fed. Home Loan Mortgage Corp.,* 896 F.Supp. 1385, 1400 n. 6 (S.D.N.Y.1995). The same considerations of convenience, avoidance of prejudice to the parties, and efficiency are implicated in motions under either rule. *See German,* 896 F.Supp. at 1400 n. 6; *Sutton Hill Assocs. v. Landes,* No. 87 Civ. 8452, 1988 WL 56710, at *2 (S.D.N.Y. May 26, 1988). Consequently, motions under Rule 21 and Rule 42(b) are considered using the same standard. *See Wausau,* 204 F.R.D. at 250; *see also Colonomos v. Ritz–Carlton Hotel Co.,* No. 98 Civ. 2633, 2002 WL 732113, at *5 n. 10 (S.D.N.Y. April 25, 2002).

■■■ A district court has broad discretion in deciding whether to grant a motion for separate trials under Rule 42(b). *Smith v. Lightning Bolt Prods., Inc.,* 861 F.2d 363, 370 (2d Cir.1988). In determining whether separate trials are appropriate, a court considers

(1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*Cashman v. Montefiore Med. Ctr.,* 191 B.R. 558, 560–61 (S.D.N.Y.1996)(internal citations omitted).

■■ As a threshold matter, courts have found separate trials appropriate when the parties to be severed were not indispensable within the meaning of Federal Rule of Civil Procedure 19. *See, e.g., Cashman,* 191 B.R. at 561 (granting plaintiff's motion for separate trials when bankrupt co-defendant defendant was not indispensable); *E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co.,* 93 Civ. 2462, 1995 WL 312505, at *2–4 (S.D.N.Y. May 22, 1995) (granting plaintiff's Rule 21 motion to sever after determining that bankrupt co-defendant was not indispensable). Because 139 East 63rd Street, Inc., Brown Harris Stevens, and Vanderbilt are alleged joint tortfeasors, they are not indispensable parties. *See Samaha v. Presbyterian Hosp.,* 757 F.2d 529, 531 (2d. Cir. 1985) (per curiam) (observing "it is settled federal law that joint tortfeasors are not indispensable parties."). Accordingly, separate trials are not precluded and it remains to analyze the effects of separate trials in terms of prejudice to the objecting defendants if the motion is granted, prejudice to the plaintiff if the motion is denied, and efficiency.

■■ With respect to the effect of separate trials on the defendants, the City and Greenebaum contend that they will be prejudiced if the three defendants insured by Legion are severed from the action. However, severance of the Legion insureds is the only alternative to, in effect, a stay of the whole action. If the City and Greenebaum fail to demonstrate sufficient prejudice to warrant a stay of the entire proceeding, it is appropriate to sever 139 East 63rd Street, Inc., Brown Harris, and Vanderbilt. *See, e.g., Cashman,* 191 B.R. at 561 (finding it appropriate to sever bankrupt co-defendant upon the lack of any clear showing of prejudice sufficient to justify a stay of the entire action); *Du Pont,* 1995 WL 312505, at *5 (allowing severance because solvent co-defendant was not necessarily entitled to benefit from the automatic stay of litigation which protected the bankrupt defendant).

In particular, the defendants contend that they will be prejudiced if the motion to sever is granted because 139 East 63rd Street, Inc., Brown Harris Stevens, and Vanderbilt control vital information about the litigation and because many potential witnesses are employees of these three defendants. The City and Greenebaum argue that severance will prevent them from obtaining timely information regarding the origin of the leak, including maintenance records, details about the hose and related plumbing, and other information about repair actions taken to address the leak before the New York City Fire Department arrived and Greenebaum returned home. However, the Pennsylvania court's Order of Rehabilitation merely stays actions pending against any insured of Legion. (Order of Rehabilitation ¶ 24.) It does not stay any discovery against Legions' in-

sureds or their employees when they possess relevant information in litigation between other parties. (*See Id.*) If the motion for separate trials is granted, the Order of Rehabilitation does not prevent the employees of the defendants insured by Legion from being third party witnesses in the trial of the City and Greenebaum. *See, e.g., Cashman* 191 B.R. at 561 (The "stay against [the bankrupt defendant] merely prohibits a party from suing it or enforcing a judgment against it, it does not preclude [the bankrupt defendant] from being summoned as a witness or responding to non-party discovery.").

Further, the City and Greenebaum will not be significantly prejudiced by separate trials because their interests can be protected. Once Legion's Rehabilitation is complete, the remaining defendants could bring a suit for contribution against 139 E. 63rd Street, Inc., Brown Harris Stevens, and Vanderbilt. *See* N.Y. C.P.L.R. §§ 1401–1403. Moreover, because the plaintiff acknowledges that it is prepared to proceed under Rule 42(b), this Court can determine at the conclusion of any trial against the City and Greenebaum whether it is appropriate at that time to enter judgment or whether further developments in the Legion Rehabilitation proceeding should be awaited.

■ With respect to the prejudice to the plaintiff if the motion is denied, Hecht will be severely disadvantaged if the action does not proceed soon. The effect of denying Hecht's motion for separate trials is to stay the entire proceeding, and courts give weight to the hardship of a stay with respect to a plaintiff in declining health. *See, e.g., Cashman,* 191 B.R. at 562; *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 127–28 (4th Cir. 1983) ("Of particular significance in balancing the competing interests of the [parties] are the human aspects of the needs of a plaintiff in declining health as opposed to the practical problems imposed by the proceedings in bankruptcy, which very well could be pending for a long period of time.") (denying motion for discretionary stay of trial pending the completion of co-defendants bankruptcy proceedings). Here, Hecht's poor health and history of cancer weigh heavily in favor of a separate trial for the City and Greenebaum.

With respect to efficiency, the objecting defendants argue that the claims against the Legion insured are not significantly different from the claims against the City and Greenebaum. Likewise, the City and Greenebaum emphasize the potential overlap in discovery, witness testimony and other evidence if the claims were tried separately. Because Hecht's allegations of negligence against all the defendants arise out of the same slip and fall accident, there will be overlap in the evidence presented by the parties. The effect of that inefficiency is, however, overstated. The discovery in this case will be relatively straightforward and uncomplicated. If the case against the defendants insured by Legion went forward at a future time, they would have the opportunity to review the record and determine what, if any, additional inquiries that they thought should be pursued. Moreover, the effect in this case of denying the motion to proceed separately against the City and Greenebaum is to stay the entire action until Legion's Rehabilitation proceedings are complete. The potential inefficiencies associated with multiple trials do not outweigh the prejudice to Hecht if the motion is denied. *See, e.g., Cashman,* 191 B.R. at 563 (finding that prejudice to plaintiff and the lack of prejudice to solvent co-defendants outweigh potential inefficiencies due to overlap of testimony in considering a Rule 42(b) motion to sever).

### III.

In his papers Greenebaum also asserts that diversity is lacking because the plaintiff is a permanent legal resident domiciled in New York. No party has yet made a motion to dismiss for lack of subject matter jurisdiction. The deposition of the plaintiff regarding this matter should proceed promptly and the defendants should determine whether there is a basis to file a motion to dismiss for lack of subject matter jurisdiction.

### CONCLUSION

For the reasons explained above, the plaintiff's motion pursuant to Federal Rule of

Civil Procedure 42(b) to proceed solely against the City and Greenebaum is granted.

**SO ORDERED.**