Gerard F. **HOGAN** and Rose Marie Hogan, Plaintiffs,

v.

**JANOS INDUSTRIAL INSULATION CORP.,** the Celotex Corp., and Jet Shapes, Inc., Defendants.

**No. 82 Civ. 6463 (KTD).**

United States District Court, S.D. New York.

June 1, 1984.

Thomas F. Meagher, New York City, for plaintiffs; Geoffrey M. Armstrong, New York City, of counsel.

Frank E. Maher, P.C., Brooklyn, N.Y., for defendant Celotex Corp.; Kenneth R. Maguire, Brooklyn, N.Y., of counsel.

John J. Wrenn, New York City, for defendant and third-party plaintiff Janos Indus. Insulation Corp.; Sarah E. Sholes, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

In April 1984, defendants Janos Industrial Insulation Corp. ("Janos") and the Celotex Corp. ("Celotex") made this motion pursuant to Fed.R.Civ.P. 14(a) for leave to file third-party complaints against Johns Manville Corp., certain other named manufacturers of asbestos products, as well as "John Doe" manufacturers to be identified and named later. For the reasons that follow, defendants' motion is denied.

Southern District of New York Local Rule 3(k) provides:

A motion for leave to bring in a third party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made within six months from the date of service of the moving party's answer to the complaint or reply to the counterclaim, except that motions of this nature may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the court deems fair and appropriate.

Plaintiffs Gerard F. and Rose Marie Hogan commenced this action against Celotex and Janos by service of complaint and summons on October 27, 1982. Defendants filed their answers to the complaint on November 30, 1982, and December 28, 1982, respectively. Thus, the general six month period in which to file a Rule 14 motion has long since passed, and defendants must demonstrate "special circumstances" and "necessity in the interests of justice" in support of their motions.

Plaintiff brought this action for alleged injuries resulting from his exposure to asbestos paper rolls during his employ with Jet Shapes Inc. ("Jet Shapes"). He sued Jet Shapes, Celotex, which manufactured and supplied to Jet Shapes asbestos paper rolls, and Janos, which distributed the asbestos rolls to Jet Shapes. Celotex served plaintiff with fifty-one pages of interrogatories consisting of 157 questions on August 17, 1983, some nine months after it filed its answer. On November 25, 1983, plaintiff filed his interrogatory responses. Interrogatory 10(d) had requested information concerning each job at which plaintiff was exposed to asbestos, and the name of the manufacturer of each product containing asbestos. Plaintiff's response was as follows:

d. Roles [sic] of asbestos sheets and asbestos transite plates—Celotex Corp. Asbestos coats—Lornic Safety, 724 Bloomfield Avenue, Verona, NJ/AO Safety Products, P.O. Box 1353, E. Camden, N.J. Asbestos mittens— Casting Supply, 62 W. 47th Street, New York City.

At that point Celotex did nothing, and no mention was made of potential impleader at a pretrial conference that I held on December 12, 1983.

At his deposition on March 7 and 8, 1984, plaintiff stated that in addition to the as-

bestos paper rolls, he also was exposed to asbestos transite plates, gloves, and jackets. The transite plates, apparently, were manufactured by Johns-Manville and sold to Jet Shapes by Porter Hayden Company, and David Fabricators of New York. Janos was an intermediary in the sale to Jet Shapes of a small portion of these transite plates. Janos also purchased from Asbeka Fabricating Company some transite plates manufactured by Johns-Manville that Janos sold to Jet Shapes.

Both defendants claim that plaintiff's deposition was the first notice that they had received indicating that he had been exposed to asbestos products manufactured or distributed by other potential parties to the lawsuit. This, they assert, constitutes the special circumstances and equitable considerations justifying their Rule 14 motion after expiration of the six month period. I disagree.

Celotex obviously had notice as early as plaintiff's interrogatory responses in November of the potential involvement of other parties. Furthermore, it did not even serve its initial discovery requests on plaintiff until nine months after the answer was filed which was well after the six months had passed. Thus, Celotex failed to exercise reasonable diligence in determining the existence of potential third-party defendants.

Similarly, Janos has failed to demonstrate "special circumstances" justifying the delay. Janos asserts that it did not receive plaintiff's November interrogatory responses in which he cites his exposure to other asbestos products. Janos' own papers, however, reveal that it sold asbestos transite plates to Jet Shapes that were manufactured or distributed by other companies. Janos' own records, thus, would have revealed the existence of potentially liable third parties. Moreover, armed with this knowledge Janos could easily have engaged in at least a modicum of discovery that could have disclosed whether other companies might have been involved in the supply to Jet Shapes of the asbestos products. Janos did not assiduously do so.

Defendants also contend that no prejudice to plaintiff will result if their motions are granted, and that plaintiff's claim that he is in "medical extremis" should have been supported by a physician's affidavit. The burden of establishing the right to file a third-party complaint here is on the defendants.[1] Furthermore, although discovery is not completed, it has been proceeding apace for several months. The addition of six to eight new defendants, with more to be named in the future obviously would cause a substantial delay and concomitant prejudice to the plaintiff.[2] Plaintiff does not even rely on his exposure to these other products in support of his claim. Rather, Hogan asserts that he breathed "little if any asbestos dust at all" from these products. Affirmation In Opposition to Defendant Janos' Cross-Motion For Impleader ¶ 13 at 3. Therefore, the interests of justice do not dictate that defendants' motions should be granted.[3]

In short, defendants have demonstrated neither special circumstances nor necessity in the interests of justice for the granting of their motion. Accordingly, defendant Janos' and defendant Celotex's motions for leave to file third-party complaints are denied.

SO ORDERED.

---

**1.** Plaintiff had one lung removed over a year ago, and allegedly suffers from asbestosis and mesothelioma.

**2.** Defendants' request to file third-party complaints against Johns-Manville and unnamed "John Doe" companies is particularly unreasonable, and borders on harassment. Johns-Manville is in bankruptcy proceedings; Celotex's assertion that it could seek a partial lifting of the stay to obtain discovery does not explain how a third-party complaint is appropriate. Furthermore, the potential for abuse inhering to defendants' attempt to add "John Doe" companies to be named later does not warrant further discussion.

**3.** Defendants have at their disposal the option of initiating independent actions.