**EMBASSY ELECTRONICS, LTD., Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant.**

**No. 84 Civ. 6841 (PKL).**

United States District Court, S.D. New York.

Dec. 13, 1985.

Weg & Myers, P.C., New York City (Ira M. Myers, of counsel), for plaintiff.

Speyer, Thurm, Perlberg & Heller, New York City (John M. Speyer, of counsel), for defendant.

## OPINION

LEISURE, District Judge:

Defendant Lumbermens Mutual Casualty Company ("Lumbermens") has moved pursuant to Fed.R.Civ.P. 14(a) for leave of Court to serve a third-party summons and complaint upon Lawrence Klausner, Inc. ("Klausner"). Plaintiff opposes the motion on several grounds.

Plaintiff has sued in diversity to recover on an insurance policy issued to it by Lumbermens on or about May 17, 1984. The policy insured plaintiff's stock and contents against all risks up to an amount not exceeding $400,000 and plaintiff's personal property, furniture and fixtures up to an amount not exceeding $15,000. Klausner acted as broker for Lumbermens in underwriting the policy at issue. On or about May 26–28, 1984, plaintiff allegedly suffered a loss of covered property in the approximate amount of $423,000. The complaint alleges that defendant has not paid plaintiff' claim under the policy. Defendant has amended the answer twice, once on consent.

On July 18, 1985, the Court granted defendant's motion to amend the answer a second time to add affirmative defenses on the basis that defendant learned during the course of discovery that plaintiff may have misrepresented certain information about its prior loss history and the installation of a burglar alarm system. In opposition to defendant's earlier motion, plaintiff submitted an affidavit, sworn to on May 20, 1985, by Mildred Watt, the agent employed by Klausner who underwrote the policy in issue in this case. Ms. Watt stated in her affidavit that "[a]t no time was I ever asked by the insurer for prior loss history nor did I ever request such information from the insured."

On July 16, 1985, before Lumbermens' motion was granted, defendant took Ms. Watt's deposition. During the deposition, she stated that she could not remember whether or not she discussed plaintiff's prior loss record with plaintiff or with defendant's underwriter. Defendant claims that based on these responses "it appears that it may have been defendant's agent who provided false loss history information on plaintiff's behalf." To corroborate this allegation, defendant relies upon the Underwriting Risk Summary completed by its commercial property underwriter, Donna Balzano. The Summary states "no losses per broker" and the line next to the caption "LOSS HISTORY" states "None".

In addition, defendant claims that Mr. Klausner and plaintiff's attorney have a

close personal friendship and that Ms. Watt conferred with plaintiff's attorney prior to and during her deposition. Also, defendant alleges that Mr. Klausner recommended that plaintiff retain its present attorney.

Based upon the discrepancy between Ms. Watt's version of events and defendant's Underwriting Risk Summary, and the relationship between and among plaintiff, its counsel and Klausner, defendant contends that in the event that it is found liable to plaintiff, Klausner may be liable to defendant. Defendant asserts that if it had had accurate knowledge about plaintiff's prior loss history and the absence of a burglar alarm system, it would not have issued the policy in question.

■ Plaintiff opposes the motion on the following grounds. First, the addition of Klausner as third-party defendant would defeat this court's diversity jurisdiction. This position is meritless. It is well settled that where there is valid subject matter jurisdiction between plaintiff and defendant, a third-party claim between defendant and a third-party defendant is cognizable by the court under its ancillary jurisdiction, if the third-party claim arises from the same core of facts. *ABCKO Music, Inc. v. Beverly Glen Music, Inc.*, 554 F.Supp. 410, 412 (S.D.N.Y.1983).

Second, plaintiff acknowledges that making Klausner a third-party defendant might create a conflict of interest for the firm of Weg & Myers that would require it to withdraw as plaintiff's counsel. Defendant correctly argues that this merely corroborates the allegation that Klausner actually was acting as plaintiff's agent in the procurement of the insurance.

Next, plaintiff argues that commencement of a third-party action would prejudicially delay the case since almost all discovery has been completed. Apparently, approximately 20 depositions have been taken. Defendant argues that it moved promptly to seek to amend the answer after Ms. Watt's deposition. This assertion,

however, does not provide a satisfactory response to plaintiff's argument of prejudice, nor does it make sense. Defendant received Ms. Watt's affidavit sometime before the motion to amend the answer was fully submitted. Presumably, at that time defendant had in its possession its Underwriting Risk Summary prepared by Ms. Balzano. The deposition answers supplied by Ms. Watt are not materially inconsistent with the statements set forth in her affidavit. Therefore, by the end of May, 1985, defendant had knowledge of all the facts necessary for it to make the allegation that Klausner supplied defendant with incorrect information concerning plaintiff's prior loss history and the installation of a burglar alarm system.

■ Fed.R.Civ.P. 14(a) provides that a defendant may, at any time after commencement of the action, begin a third-party action against a party who is or may be liable to him for all or part of plaintiff's claim against him. Leave of court must be obtained, however, in the event the third-party complaint is served more than ten days after service of defendant's answer. The decision to permit an impleader rests within the sound discretion of the trial court. *Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 14, 20 (S.D.N.Y.1985). The court must balance the benefit to be derived from an impleader of resolving related matters in one suit, against potential prejudice to the plaintiff and third-party defendants. *Id.*

This Court's local rules provide that an impleader motion should be made within six months of the service of the moving party's answer. Rule 3(k) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York states:

A motion for leave to bring in a third party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made within six (6) months from the date of service of the moving party's answer to the complaint ..., except that motions

of this nature may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the court deems fair and appropriate.

For the purposes of this motion the date on which defendant filed its answer, December 27, 1984, is the relevant date, rather than the date the last amended answer was filed. *See Oliner, supra,* 106 F.R.D. at 14; *In re "Agent Orange" Product Liability Litigation,* 100 F.R.D. 778, 780 (E.D.N.Y. 1984). Thus, the motion will be denied unless the moving party makes a "showing of special circumstances and of the necessity of such relief in the interest of justice." Rule 3(k).

■ Based upon these factors, the Court concludes that defendant's motion should be denied. Defendant has not shown "special circumstances" justifying this as an "exceptional" case requiring such relief. Defendant was aware of Ms. Watt's position at least since May 20, if not earlier. No explanation has been offered as to why Lumbermens did not make this motion before the time its motion to amend the answer was fully submitted. Discovery is close to completion in this action that has been pending for over one year. The addition of another party at this time would delay the case and be prejudicial to plaintiff.

This ruling will not substantially prejudice defendant's rights, since Lumbermens is not precluded from commencing a separate action against Klausner if defendant ultimately is found liable to plaintiff. *See Connell v. Bernstein-Macauley, Inc.,* 67 F.R.D. 111, 117 (S.D.N.Y.1975); *Oliner, supra,* 106 F.R.D. at 21.

Defendant's motion to file a third-party complaint on Klausner is hereby denied. The parties shall complete all discovery on or before January 24, 1986 and appear for a pretrial conference on January 24, 1986 at 2:00 P.M.