INSURANCE COMPANY OF NORTH AMERICA, A Pennsylvania corporation, Plaintiff,

v.

James F. MORRISON, and Nan P. Morrison, Defendants.

No. 91–988–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

April 19, 1993.

See also 818 F.Supp. 1519.

**296**

Elizabeth Lewis Bevington, Holland & Knight, Tampa, FL, for plaintiff.

James Robert Betts, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendants.

## ORDER ON MOTION TO ADD THIRD PARTIES

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on a motion to add third parties filed by Defendants on September 18, 1992, pursuant to Rule 14, Fed.R.Civ.P. Plaintiff filed a response to the motion on October 5, 1992.

### FACTS

1. Plaintiff, Insurance Company of North America ("INA"), filed suit against the Defendants, James F. and Nan P. Morrison ("Morrisons"), on August 5, 1991.

2. Defendants filed an answer to Plaintiff's complaint on September 18, 1991.

3. Plaintiff filed an amended complaint on June 19, 1992.

4. Defendants were given leave to file a motion to add third parties, pursuant to special instructions contained in a scheduling order entered on September 10, 1992. This did not resolve the issue of whether or not adding parties was appropriate.

5. Defendants filed a motion to add third parties, and also filed a motion for oral argument on their motion to add third parties, on September 18, 1992.

6. Plaintiff filed a response to Defendants' motion to add third parties on October 5, 1992.

7. Defendants filed an answer to Plaintiff's amended complaint on November 10, 1992.

### STANDARD OF REVIEW

Rule 14(a), Fed.R.Civ.P., provides that the defendant may implead a third party "who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim" against the defendant. Rule 14(a) allows for the liberal addition of third parties within ten days after the defendant's original answer. After this ten day period the defendant must obtain the court's permission to implead a third party.

Local Rule 4.03, M.D.Fla. Rules establishes a "timeliness" limitation as to when a motion for leave to join a third party may be made. Local Rule 4.03 provides:

> Any motion by defendant for leave to join a third party defendant pursuant to Rule 14(a), Fed.R.Civ.P., shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint, or at least sixty (60) days prior to the scheduled trial date, whichever first occurs.

■ Whether to grant permission to implead a third party is addressed to the sound discretion of the trial court. *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.1986). The trial court's discretion is balanced against any potential prejudice which might result from granting permission to implead a third party, *American Fidelity and Casualty Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956). Further, the defendants will bear the burden with respect to establishing the excusability of their own delay, *Delco Wire & Cable v. Keystone Roofing*, 80 F.R.D. 428, 430 (E.D.Pa.1978).

### DISCUSSION

■ This is an action to recover alleged damages sustained by the Plaintiff, INA, due to alleged defaults by the Defendants on a secured recourse note executed on December 1, 1984. INA entered into a financial guarantee bond on February 26, 1985, whereby INA guaranteed payment of the note by Defendant James F. Morrison to LaSalle National Bank ("LaSalle"). In connection with and in consideration of the bond, Defendants James F. and Nan P. Morrison execut-

ed on December 11, 1984, an investor bond indemnification and pledge agreement in which the Morrisons promised to indemnify INA from all damages and expenses which INA might sustain as surety on the bond.

The Defendants wish to implead Realcorp Investors, Ltd. ("Realcorp"), Realcorp's principals, Bramen–Liebowitz Associates ("Bramen–Liebowitz"), and LaSalle. Realcorp was the general partner to the real estate investment which the Morrisons purchased into through a limited partnership, Woodfield Garden Associates ("Woodfield"), of which Bramen–Liebowitz was the primary limited partner. Woodfield assigned the secured recourse note to LaSalle. The alleged default stems from a series of alleged accounting errors and apparent miscommunications by all parties to the investment, resulting from the Defendants' decision to reduce their investment by one half, shortly after entering into the various agreements.

The original complaint was filed on August 5, 1991. The defendants filed their motion to add third parties on September 18, 1992. Over a full year has passed, a year during which interrogatories and depositions were taken in preparation for trial. The parties engaged in an arbitration hearing six months prior to this motion. This request to implead comes over seven months beyond the six month time limit for such actions, as determined by Local Rule 4.03(a). This Court finds that the Defendants have not met their burden of showing the excusability of their delay and therefore, the motion to add third parties is untimely. Accordingly, it is

ORDERED that Defendants' motion for oral argument and motion to add third parties be **denied.**

**DONE and ORDERED.**