Theodore HICKS, Plaintiff,

v.

LONG ISLAND RAILROAD, Defendant.

No. CV 94–5889 (LDW).

United States District Court,
E.D. New York.

April 2, 1996.

David J. Sutton, Garden City, New York, for Plaintiff.

J. Dennis McGrath, Long Island Railroad Law Department, Jamaica Station, Jamaica, New York, for Defendant.

## ORDER

BOYLE, United States Magistrate Judge.

### BACKGROUND AND PLEADINGS

Plaintiff, Theodore Hicks ("Hicks") brings suit against his employer, the Long Island Rail Road Company ("LIRR"), for personal injuries, sustained on May 27, 1994 in the course of his employment. Hicks alleges that these injuries were caused when a chair he was sitting on broke and fell to the floor, causing him to suffer serious back injuries requiring surgery, including a spinal fusion. Hicks states that he first learned of the identity of the chair manufacturer, Domore Corp. (hereinafter referred to as "Domore"), on July 25, 1995 during an inspection of the chair pursuant to a discovery and inspection demand. He further states that on July 28, 1995, he sent a letter to LIRR disclosing the name and address of Domore, and at that time urged LIRR to start a third-party action. Hicks states that LIRR did not take any action at that time, but instead waited until the end of discovery to make the present application to amend the answer to implead the chair manufacturer and distributor as third-party defendants.

As an excuse for not acting more diligently on this information, LIRR states that " . . . in the era of 'doing more with less', there are times when the urgencies of one case cause one to put aside other cases, revisiting them much later than one had intended." LIRR seeks leave of the court to institute a third party action against the manufacturer of the chair, Domore, and the distributor of the chair, Max Blau, Inc. ("Blau").

Hicks opposes this motion on the ground that the delay incident to the third party action will cause him prejudice as more fully set forth below. In addition, Hicks cross-moves to compel LIRR to produce documents in its possession concerning prior accidents that involved the collapse or malfunction of Domore chairs.

### LIRR'S MOTION TO INSTITUTE A THIRD PARTY ACTION

LIRR asserts that it will be prejudiced if it is not allowed to implead Domore and Blau. LIRR states that its action is for negligent and defective manufacture and design, and should be allowed to permit resolution of the entire case in one action. LIRR further argues that the case has not been certified ready for trial, and that there is no reason to presume that the assigned district court judge, Judge Wexler, would try this case immediately. LIRR maintains that Hicks will not be prejudiced by the additional period it would take to institute the third party action and complete discovery in the third party action.

Hicks opposes the third party action, and argues that because discovery is nearly completed, allowing defendant to begin the third party action at this time would cause undue delay and hardship. Specifically, Hicks states that he continues to suffer from the injuries he sustained in the accident, and has been required to have steel rods placed in his back during spinal fusion surgery. He states that LIRR has reclassified his status from "out-injured" to "out-sick," and, as a result, Hicks has been forced to deplete his limited sick days. At oral argument, plaintiff's counsel represented that his client has been advised by the treating physician that he will not be able to return to work for the indefinite future. Having depleted his 12 paid sick days, Hicks is now using the 72 days he is allotted under the collective bargaining agreement at 60% pay. Plaintiff's counsel states that once this is exhausted, his client is not entitled to further compensation in 1996 from the LIRR.[1] Hicks argues that the reason given by defendant's counsel for the delay in bringing the impleader, (that " . . . in the era of 'doing more with less', there are times when the urgencies of one case cause

---

1. Neither party could make any representation with respect to eligibility for sick pay in 1997, if Hicks remains on sick leave.

one to put aside other cases, revisiting them much later than one had intended.") is unpersuasive in light of the hardship and prejudice which plaintiff will face if the trial is delayed.

### HICKS' CROSS–MOTION TO COMPEL DISCOVERY

Hicks cross-moves to compel production of all documents in LIRR's possession concerning accidents that involved the collapse or malfunction of Domore chairs. Hicks states that there have been at least four prior instances wherein employees of the LIRR were injured when Domore chairs they were sitting in collapsed. Hicks also states that discovery of all non-privileged information relating to these incidents was previously requested, and that defendant responded by producing a single page accident report for each incident, property vouchers, and bills of sale. Hicks asserts that of the four incidents, two actions have been commenced against LIRR by employees who were injured in Domore chairs.

### DISCUSSION

A. *Leave to Commence a Third–Party Action*

█ Federal Rule of Civil Procedure (FRCP) 14(a) states in pertinent part that "[t]he third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." Since LIRR has not made the motion within the ten day period, this court must now exercise its discretion in deciding whether to grant the motion to implead.

█ The motion should be "freely granted to promote ... efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y.1984), *see also Bernstein v. N.V. Nederlandsch–Amerikaansche Stoomvaart–Maatschappij*, 6 F.R.D. 297, 302 (S.D.N.Y. 1946) (recognizing that while the third-party claim will delay and prolong the trial of plaintiff's claim, that concern must be weighed against the saving in time of trying one case instead of two, "thus avoiding both circuity of action and a duplication of work."), 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, § 1443 at 300 (stating "impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters."), *but see Spaulding v. Parry Navigation Co.*, 10 F.R.D. 290, 291 (S.D.N.Y.1950) (denying the motion, and holding that where the case was second on the trial calendar, and may be reached at any time, "the impleading of [a] third party defendant will greatly delay the trial."). Thus the court, in exercising its discretion must weigh two factors: the elimination of delay and circuity, against the danger of prejudice to the plaintiff.

The Second Circuit has stated that the purpose of Rule 14(a) is "to avoid two actions which should be tried together to save the time and cost of a re-duplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant." *Dery v. Wyer*, 265 F.2d 804, 806–7 (2d Cir.1959), *see also, Thompson v. United Artists Theatre Circuit, Inc.*, 43 F.R.D. 197 (S.D.N.Y.1967) (in an action brought against tenant by architect to recover architectural fees for design of drive-in theater, the court allowed tenant to implead landlord for purposes of indemnification pursuant to a lease agreement.).

However, the above considerations must be weighed against the danger of prejudice to the plaintiff. The district courts have recognized that although impleader may cause prejudice due to the need for additional discovery, that prejudice "is sufficiently outweighed by the benefits of more efficient litigation to be gained by permitting impleader." *See, e.g., Gross v. Hanover Insurance Co.*, 138 F.R.D. 53, 55–6 (S.D.N.Y.1991). Thus while the court must weigh efficiency against prejudice, the case law makes clear that this is not a neutral balancing, and that generally, the interests of efficiency will outweigh the dangers of prejudice.

However, there are times when the prejudice to the plaintiff will be so great as to outweigh the court's interest in judicial efficiency. In *Spaulding, supra,* 10 F.R.D. at 291, the court stated that impleader should be denied if it "will greatly delay the trial." The case need not be "second on the trial calendar," as in *Spaulding,* for the delay to be a material factor. In *Embassy Electronics Ltd. v. Lumbermens Mutual Casualty Co.,* 108 F.R.D. 418, 421 (S.D.N.Y.1985) the court held where "[d]iscovery is *close to completion* in [an] action that has been pending for over one year ... [t]he addition of another party at this time would delay the case and be prejudicial to plaintiff." (*emphasis added* ). In the present case, as in *Embassy,* discovery is substantially completed, and it is clear that allowing a third-party action will substantially delay the trial. Moreover, the assigned district court judge, Judge Wexler, is one of the most current judges in the Circuit and, thus, there will not be an extended delay following the magistrate judge's certification that discovery is complete and the matter is ready for trial, as LIRR contends. This court further notes that this action was commenced in December 1994 and, thus, is already fifteen months old.

■ The court must weigh the potential prejudice to the defendant against the potential prejudice to the plaintiff. In *Hogan v. Janos Industrial Insulation Corp.,* 102 F.R.D. 205, 207 (S.D.N.Y.1984) the court denied defendant's impleader motion where the plaintiff was in "medical extremis" and the third party action would cause undue delay. In the present case, Hicks maintains that he has used all of his paid sick days and is depleting his reserve of partial pay sick days. He asserts economic hardship. On the other hand, denying the motion "will not substantially prejudice defendant's rights, since [defendant] is not precluded from commencing a separate action against [the third parties] if defendant is ultimately found liable to plaintiff." *Embassy, supra,* 108 F.R.D. at 421. In *In re Agent Orange Product Liability Litigation,* 100 F.R.D. 778, 781 (E.D.N.Y. 1984) (denying defendant's motion to institute a third party action) the court noted that "[i]mpleader imparts no substantive rights" and concluded that there was no prejudice to

the defendants, since "[i]f [defendant] is found liable to the plaintiffs, it can sue the proposed third-party defendants for contribution or indemnification. If it is found not liable the prospective third parties will be saved a great deal of expense." *Id.*

■ The court also considers the reasons for LIRR's delay. In making this determination "the defendant bears the burden of showing excuse for its delay." *Agent Orange, supra,* 100 F.R.D. at 781 (citations omitted). Defendant's excuse that he was too busy with other priorities and was unable to give the matter his attention in a timely manner is wholly unpersuasive.

The court concludes that allowing the third party action will cause substantial prejudice to the plaintiff. Discovery is substantially complete, and the addition of the third parties will cause undue delay. At oral argument plaintiff's counsel represented that as early as June 1994—some six months prior to commencing this action—he requested, in correspondence addressed to LIRR, the name of the manufacturer and distributor of the chair involved in this accident, for the express purpose of naming the manufacturer and distributor as parties to the action, along with LIRR. LIRR failed to respond to this request despite repeated demands from plaintiff's counsel. As late as July 1995 plaintiff's counsel urged LIRR to file a third party action against the chair manufacturer and distributor. Notwithstanding counsel's consent, LIRR procrastinated until February 1996 in seeking to amend.

The court finds that the third party action will cause undue delay which will substantially prejudice Hicks, and that LIRR has not shown a meritorious excuse for its delay. The court finds that LIRR will not be prejudiced by this denial as it can seek contribution or indemnification from the third parties in a separate action in the event that Hicks recovers. LIRR's motion to institute a third party action is therefore DENIED.

### B. *The Motion to Compel Discovery Relating to Prior Accidents*

■ Hicks moves to compel discovery of all non-privileged documents in defendant's

possession relating to prior accidents involving the chair that is the subject of this litigation manufactured by Domore. Under Rule 37(a) of the FRCP, "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery ..." Under Rule 26(b)(1) of the FRCP, parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ..." Since Hicks' demand is for non-privileged materials and since LIRR asserts no privilege, we turn to the second requirement—relevance.

The Second Circuit has held that evidence of prior accidents "would unquestionably be relevant, if not central to [plaintiff's] case...." *Stagl v. Delta Airlines Inc.*, 52 F.3d 463, 474 (2d Cir.1995). In *Stagl* the Court of Appeals overturned a district court's restriction on discovery, which did not allow plaintiff to compel production of reports of prior similar accidents. *Id.* The court held that the denial "unduly limited" the plaintiff's ability to establish an element of her case. *Id.* In its analysis, the court recognized that an accident record "would be directly germane to establishing the degree of risk generated ..." by defendant's conduct. *Id. (citing Villante v. Dep't of Corrections,* 786 F.2d 516, 521 (2d Cir.1986)). The court noted further that the accident report would have established whether defendant had "notice", and "would have been highly relevant to strengthening [plaintiff's] proof of causation." *Stagl* at 474.

In the present case, as in *Stagl,* the materials requested relating to similar accidents are relevant to the degree of risk associated with the Domore chairs, as well as to whether LIRR had notice of that risk and what, if any, actions LIRR took to protect the safety of its employees after receiving notice of the defect. For the foregoing reasons, Hicks' motion to compel discovery is GRANTED.

Defendant is hereby ordered to produce all non-privileged documentation relating to any prior injuries associated with Domore chairs, on or before April 19, 1996. This shall include exchanged medical records, expert reports, pleadings, depositions and any other non-privileged documents. By agreement, rather than copy all these documents, plaintiff's counsel and defendant's counsel have agreed that an inspection of the records may be made at a time and place to be agreed upon. At plaintiff's expense defendant's counsel is directed to provide copies of any requested documents. In the event that LIRR withholds any document based on privilege, it shall compile and serve a privilege log in compliance with Rule 26(b)(5), Fed.R.Civ.P. and Standing Order No. 6, para. 21, of the Eastern District's Standing Orders on Discovery in Civil Cases.

SO ORDERED.