Judith A. **LOMBARDO**, Plaintiff,

v.

**GREYHOUND LINES, INC.** and Sean S. **Walters**, Defendants.

**GREYHOUND LINES, INC.,** Third–Party Plaintiff,

v.

**FORD MOTOR COMPANY** and **XYZ Dealership,** fictitious and unknown name to be determined, Third–Party Defendant.

No. 3:96 CV 2621(GLG).

United States District Court, D. Connecticut.

April 15, 1998.

Sean P. Clark, Mayo, Gilligan & Zito, Wethersfield, CT, for Judith Lombardo.

Steven H. Malitz, Melissa S. Rotenberg, Halloran & Sage, Hartford, CT, John William Dietz, Halloran & Sage, Westport, CT, Raymond D. McElfish, McElfish & Associates, New York City, for Greyhound Lines, Inc., Sean Walters.

Steven H. Malitz, Halloran & Sage, Hartford, CT, John William Dietz, Westport, CT, for Transportation Leasing Corp.

Mark Judson Hoover, Campbell, Campbell & Edwards, Boston, MA, for Ford Motor Company, XYZ Dealership.

## MEMORANDUM DECISION

GOETTEL, Senior District Judge.

Ford Motor Company appears specially and moves to dismiss its impleader into this case. The defendant third-party plaintiff Greyhound Lines, Inc., opposes the motion and seeks an order allowing it leave to implead Ford Motor Company.

### PROCEDURAL HISTORY

This action arises out of an accident which occurred on November 25, 1995. A large Greyhound bus rear-ended the plaintiff's vehicle allegedly causing the plaintiff serious injuries. An action against Greyhound was commenced in the state court in November of 1996 and was thereafter removed to this Court. The original parties filed a joint report under Rule 26(f), Fed.R.Civ.P., in March of 1997 that set a deadline for adding parties of May 15, 1997. This was extended by Greyhound's motion for thirty days or until June 14, 1997. Approximately five months later Greyhound served its third-party complaint on Ford. The instant motions followed.

### THE LAW

Greyhound argues that the joint report submitted from the Rule 26(f) meeting is merely a proposal and is designed to prepare the parties for a Rule 16 conference subsequently to be held by the Court. That is not always the case. If the parties do not request a Rule 16 conference and if the joint report is satisfactory to the Court, it may be "so ordered" by the Court, which is what, in fact, occurred here. As such, the time limits are orders of the Court, modifying the deadlines prescribed by the Local Rules of this District.[1] *See Embassy Electronics, Ltd. v.*

---

1. The Standing Order on Scheduling in Civil Cases in this District provides in paragraph 2(b) that the presumptive filing deadline for the filing of all motions relating to joinder of parties shall be sixty days after the filing of the complaint, the filing of a petition for removal, or the transfer of

*Lumbermens Mut. Cas. Co.*, 108 F.R.D. 418, 421 (S.D.N.Y.1985) (holding that third-party plaintiff must make a showing of exceptional circumstances to justify bringing in third-party defendant after expiration of period allowed under local rules); *Insurance Co. of N. Am. v. Morrison*, 148 F.R.D. 295, 296 (M.D.Fla.1993) (denying leave to implead third-party defendant after deadline set by local rules); *see generally,* 3 *Moore's Federal Practice 3d* § 14.21[4] (1997).

Greyhound also argues that it is procedurally improper for Ford to file a pre-answer motion to dismiss based upon a claim of improper impleader. We do not have to address that issue since we have pending before us Greyhound's cross-motion to allow the impleader. However, we do note that Greyhound served its third-party complaint on Ford, prior to filing it motion for leave to implead Ford.

Greyhound argues that its failure to comply with the scheduling order is excused by the fact that plaintiff filed an amended complaint and that it served its answer to the amended complaint on October 31, 1997, which would give it ten more days under Rule 14[2] to file the third-party complaint. Greyhound states in its motion that it did not file its third-party complaint within that ten-day period because its attorney's "motion pro hoc [sic] vice was initially rejected by the Clerk for technical reasons,"[3] and consequently it was a couple of days late in seeking impleader. Its answer was served on October 31, 1997, and its third-party complaint was filed on November 12, 1997.

We do not view the brief delay after the filing of the answer to the amended complaint before seeking impleader as being crit-

ical. However, when we turn to the facts of this case, it appears on the merits that this late impleader should not be allowed.

In response to Greyhound's motion to dismiss the original complaint, plaintiff filed an amended complaint in May of 1997. Greyhound did not answer this amended complaint until October 31, 1997. No explanation is given for the delay of over five months in filing the answer. It was during that period of time that its authorization to implead a third-party defendant expired. We, therefore, consider the merits of Greyhound's motion to allow it to file an impleader action, which is ·a matter committed to the sound discretion of this Court.

■ When we turn to the facts of this case, it appears on the merits that this late impleader should not be allowed. The question of timeliness depends on the facts of the particular case. 6 Wright, Miller & Kane, *Federal Practice and Procedure, Civil 2d* § 1454 (1990). The original complaint was filed in November of 1996. The complaint was amended in April of 1997, although the amendments did not affect the basis for Greyhound's impleader of Ford, and Greyhound did not seek to implead Ford until November of 1997. No satisfactory explanation is offered by Greyhound for the delay of one year in seeking to implead Ford. Thus, we find Greyhound's motion to be untimely.

■ Additionally, a motion to bring in a third party may be denied where there is prejudice to the new party particularly where the movant cannot reasonably explain the delay. 3 *Moore's Federal Practice 3d* § 14.21[3] (1997). Greyhound does not attempt to explain its delay in seeking implead-

---

an action from another district. The Standing Order allows these deadlines to be modified pursuant to a stipulation signed by all the parties and approved by the presiding Judge, or on motion for good cause shown, or by the presiding Judge acting *sua sponte.* Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits. Standing Order ¶ 3.

**2.** Rule 14(a), Fed.R.Civ.P., provides for a ten-day period after a defendant files its original answer within which it may implead a third-party plain-

tiff without leave of court. Thereafter, leave of court is required.

**3.** The motion for admission pro hac vice was filed by counsel for Greyhound as third-party plaintiff. This counsel had not previously appeared in this action. An Order Returning Pleading was entered by this Judge because of the motion's failure to comply with Local Rule 2(d), which requires a motion to admit to be made by local counsel or a member of the bar of this Court. Additionally, the motion did not have a certificate of service attached.

er. We note, however, that it has new counsel in its status as third-party plaintiff. The error, therefore, may have been caused by the attorney representing Greyhound in the first-party suit. Regardless of the fault in the delay, the consequences should not be visited upon the innocent third party. Greyhound's claim against Ford is that the Ford vehicle driven by plaintiff at the time of the accident was defective and that these defects enhanced the injuries suffered by plaintiff.[4] Ford asserts, and Greyhound does not deny, that the Ford vehicle and its component parts were long ago destroyed and are not available for inspection by Ford. (The bus has been repaired and is back in operation). Thus, there would be substantial prejudice to Ford in being brought in at this late date.

Additionally, under the original parties' scheduling order, as amended by order of this Court, the deadlines for conducting depositions, for providing expert reports and final exhibit lists have expired. Thus, bringing in a third-party defendant at this time would substantially delay the trial of this case and would prejudice both plaintiff and Ford. *See Insurance Co. of N. Am. v. Morrison, supra.*

### CONCLUSION

Under the circumstances, the motion to implead (Doc. No. 24) is DENIED and Ford's motion to dismiss (Doc. No. 23) is GRANTED (to the extent that there has been a proper impleader of Ford). It follows that Greyhound's motion for sanctions (Doc. No. 25) is also DENIED.

---

4. We do not at this time have to consider the issue of whether under Connecticut law a tortfeasor may implead another tortfeasor as to whom plaintiff may have a claim but has not sought to assert one in an attempt to obtain contribution to a settlement or a possible subsequent judgment.