WAUSAU BUSINESS INSURANCE COMPANY as subrogee to the rights of Central Synagogue, Plaintiff,

v.

TURNER CONSTRUCTION COMPANY, Amis, Inc., Aris Development Corporation, Defendants.

Turner Construction Company, Third–Party Plaintiff,

v.

Amtex Electrical Company, Inc. Third–Party Defendant.

Amtex Electrical Company, Inc., Fourth–Party Plaintiff,

v.

Nationwide Mutual Insurance Company, and Nationwide Insurance Company, Second Fourth–Party Defendants.

No. 99 CIV 682 RWS.

United States District Court, S.D. New York.

May 2, 2001.

Cozen & O'Connor, New York City, Michael J. Sommi, Christopher C. Fallon, Jr., of counsel, for Wausau Business Ins. Co.

Friedman Kaplan Seiler & Adelman, New York City, Bruce S. Kaplan, Robert D. Kap-

lan, Andrew R. Greengrass of counsel, for Central Synagogue.

Lester, Schwab, Katz & Dwyer, New York City, Seth I. Weinstein, of counsel, for Amis, Inc.

Palmeri & Gaven, New York City, John J. Palmeri of counsel, Torino & Bernstein, Mineola, NY, for Aris Development Corp.

Jones Hirsch Connors & Bull, New York City, Chris Christofides, James H. Rodgers of counsel, for Defendant/Third–Party Plaintiff.

Margolis Edelstein, Philadelphia, PA, Michael P. McKenna of counsel, McKeegan, McShane & Drago, New York City, George P. McKeegan of counsel, for Trident Mechanical Systems, Inc.

Milber Makris Plousadis & Seiden, White Planes, NY, Peter Seiden of counsel, for Schuman Lichtenstein Claman Efron.

Gogick, Byrne & O'Neill, New York City, Stephen P. Schreckinger of counsel, for Atkinson Koven Feinberg Engineers.

### MEMORANDUM OPINION AND SEVERANCE ORDER

SWEET, District Judge.

Third-party defendant Amtex Electrical Company, Inc. ("Amtex") has moved to sever the third-party action and all of the cross-claims against it, as well as the fourth-party action Amtex recently filed against its insurer, from this multi-party matter. Trial is scheduled to commence on Wednesday, May 9, 2001, at 2 p.m. No opposition has been received. For the reasons set forth below, the motion will be granted.

### Background

The Central Synagogue Sanctuary was destroyed by a fire during the final phase of renovations, on August 28, 1998. The Synagogue filed a state court complaint against Turner Construction Co. ("Turner"), Amis Inc. ("Amis") and Aris Development Corporation ("Aris"), who were each involved in the renovation work, on February 25, 1999.

Turner filed a third-party action against Trident Mechanical Systems, Inc. ("Trident"), Dualstar Technologies Corp. ("Duals-

tar"), Atkinson Koven Feinberg Engineers, LLP ("AKF"), Schuman Lichtenstein Claman Efron Architects ("SLCE") and Central Synagogue (collectively the "third-party defendants") on December 27, 1999. Central Synagogue filed a complaint against the third-party defendants on February 2, 2000.

On May 22, 2000, Central Synagogue filed a Fourth Party Complaint against Fourth Party Defendant, Acordia, Inc. ("Acordia"). The state and federal actions were consolidated before this Court on June 28, 2000.

Since this action was initiated, thousands of pages of discovery have passed hands and hundreds of hours of depositions have been taken. However, it was not until the deposition of Jesus Marin, an electrical worker for Amtex Electrical Company, Inc. ("Amtex"), in January 2001, that a possible claim against Amtex was discovered. With leave from the Court, Turner filed its second Amended Third–Party Complaint naming Amtex as a third-party defendant, on February 8, 2001.

At oral argument in a related matter on April 19, 2001, counsel for Amtex expressed his intention to move to sever any and all claims pertaining to Amtex from the other related matters given the recent addition of Amtex as a party, the magnitude of evidence to be digested, and the impending trial date.

With leave from the Court, Amtex filed a fourth-party action against its insurer, Nationwide Insurance Co. ("Nationwide") on April 26, 2001.

By letter motion of April 27, 2001, third-party defendant Amtex Electrical Company, Inc. ("Amtex") moved to sever.

### Discussion

■ Rule 21 of the Federal Rules of Civil Procedure allows for the severance of "any claims," and Rule 42 provides that a trial court may order a separate trial of any claim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," Fed. R.Civ.P. 42(a). The distinction between these two rules is that "[s]eparate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 9 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2387.

Trial courts have the broad discretion to employ either of these rules, which are considered under the same standard. *See New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir.), *cert. denied*, 488 U.S. 848, 109 S.Ct. 128, 102 L.Ed.2d 101 (1988). The procedural device of severance aids Congress' purpose by "encouraging settlement discussions and speeding up remedial action." *United States v. Alcan Aluminum Corp.*, 990 F.2d 711 (2d Cir.1993).

■ In exercising their discretion to sever claims or order separate trials, courts must consider "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556, 580 (E.D.N.Y.1999); *see also German v. Federal Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1400 (S.D.N.Y.1995).

■ In this case, although all of the claims arise out of the fire that destroyed the Synagogue, the liability of Amtex and Nationwide raises discrete questions for a jury to determine. Both Amtex and Nationwide would be significantly prejudiced by having to defend in this multiparty action so soon after becoming parties, without having adequate time to conduct discovery or prepare pretrial motions. At the same time, to delay this trial in order to give Amtex and Nationwide more time to prepare would not "be conducive to expedition and economy," given that the fire that is the subject of this action took place nearly three years ago, and the remaining parties are trial-ready.

Therefore, pursuant to Rule 42 of the Federal Rules of Civil Procedure, the action against third-party defendant Amtex, and Amtex's fourth-party action against Nationwide, as well as any and all cross-claims arising therefrom, are hereby severed from

the primary action that is scheduled to commence trial on May 9, 2001. *See Katsaros v. Cody,* 744 F.2d 270 (2d Cir.1984) (affirming district court's Rule 42(b) severance because "the claims against the trustees were ready for trial whereas the third party claims were still early in discovery."), *cert. denied sub nom. Cody v. Donovan,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

Discovery will be completed by August 15, 2001, and a pretrial order filed by September 5, 2001.

It is so ordered.