State of OKLAHOMA, ex rel. W.A. Drew EDMONDSON, in his capacity as Attorney General of the State of Oklahoma and Oklahoma Secretary of the Environment C. Miles Trobert, in his capacity as the Trustee for Natural Resources for the State of Oklahoma, Plaintiffs,

v.

TYSON FOODS, INC., INC., Tyson Poultry, Inc., Tyson Chicken, Inc., Cobb–Vantress, Inc., Aviagen, Inc., Cal–Maine Foods, Inc., Cal–Maine Farms, Inc., Cargill, Inc., Cargill Turkey Production, LLC, George's, Inc., George's Farms, Inc., Peterson Farms, Inc., Simmons Foods, Inc., and Willow Brook Foods, Inc., Defendants.

No. 05–CV–329–TCK–SAJ.

United States District Court, N.D. Oklahoma.

Sept. 21, 2006.

DC, Patrick Michael Ryan, Stephen L. Jantzen, Paula M. Buchwald, Robert W. George, Ryan Whaley Coldiron and Shandy PC, Raymond Thomas Lay, Kerr Irvine Rhodes & Ables, Oklahoma City, OK, Robert W. George, Kutak Rock LLP, Gary V. Weeks, James Martin Graves, Bassett Law Firm, John R. Elrod, Conner & Winters PLLC, Vicki Bronson, Fayetteville, AR, David Charles Senger, Lawrence W. Zeringue, Robert Paul Redemann, Perrine McGivern Redemann Reid Berry & Taylor PLLC, John H. Tucker, Colin Hampton Tucker, Theresa Noble Hill, Rhodes Hieronymus Jones Tucker & Gable, George W. Owens, Randall Eugene Rose, Owens Law Firm PC, Archer Scott McDaniel, Chris A. Paul, Nicole Marie Longwell, Philip D. Hixon, Joyce Paul & McDaniel PC, Bruce Wayne Freeman, Conner & Winters, Tulsa, OK, Edwin Stephen Williams, Robert E. Sanders, Young Williams P.A., Jackson, MS, Bruce Jones, Dara D. Mann, Delmar R. Ehrich, John F. Jeske, Krisann C. Kleibacker Lee, Faegre & Benson, Minneapolis, MN, Terry Wayen West, West Law Firm, Shawnee, OK, Sherry P. Bartley, Mitchell Williams Selig Gates & Woodyard PLLC, Little Rock, AR, Jennifer Stockton Griffin, Lathrop & Gage LC, Jefferson City, MO, Thomas James Grever, Lathrop & Gage, Kansas City, MO, Tim Keith Baker, Baker & Baker, Tahlequah, OK, for Defendants.

C. Miles Tolbert, Secretary of the Environment, John Trevor Hammons, Robert David Singletary, W.A. Drew Edmondson, Office of the Attorney General, Robert Allen Nance, Riggs Abney, Oklahoma City, OK, David Phillip Page, James Randall Miller, Louis Werner Bullock, Miller Keffer & Bullock, Douglas Allen Wilson, Melvin David Riggs, Richard T. Garren, Sharon K. Weaver, Riggs Abney Neal Turpen Orbison & Lewis, Tulsa, OK, Elizabeth C. Ward, Frederick C. Baker, Motley Rice LLC, Mount Pleasant, SC, William H. Narwold, Motley Rice LLC, Hartford, CT, for Plaintiffs.

Jay Thomas Jorgensen, Mark D. Hopson, Thomas C. Green, Timothy K. Webster, Sidley Austin Brown & Wood LLP, Washington,

## ORDER TO SEVER

JOYNER, United States Magistrate Judge.

The Court heard oral argument on numerous pending motions to sever, stay, strike or dismiss third-party complaints filed by Plaintiffs and third-party Defendants. After considering the arguments of the parties, the briefs submitted by the parties, and the case law cited by the parties, the Court grants the motions to sever the third-party complaints [Docket Nos. 247, 574, 588, 591], and grants in part and denies in part the motions to stay the severed action [Docket Nos. 252, 574, 588, 591]. The Court enters a separate Report and Recommendation with respect to

the motions to strike and the motions to dismiss the third-party complaints.[1]

The motions for leave to file an amended third-party complaint by the Defendants/third-party Plaintiffs is granted. [Docket Nos. 816, 861].

The Court additionally grants the motions to sever by those parties joining in the underlying motions to sever [Docket No. 271, 406, 709, 791, 792, 801], and grants in part and denies in part the motions to stay by those parties joining in the underlying motions to stay [Docket No. 271, 406, 709, 791, 792, 801]. The Court finds the motion to stay time for third party Defendants to answer moot. [Docket No. 248]. The motion for hearing on the motions is granted. [Docket No. 574].

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed this action against fourteen Defendants on June 13, 2005. Numerous motions to dismiss the underlying action are currently pending. *Motions to stay the proceeding* were filed by the parties, pending the decision by the Supreme Court of the United States on an original action initiated by the State of Arkansas. *See, e.g.* [Docket No. 125]. This action was never stayed by the Court, and the motions to stay in this action were withdrawn when the Supreme Court denied the motion by the state of Arkansas for leave to file a bill of complaint.

Defendants began filing third-party complaints in October 2005. Plaintiffs and numerous third-party Defendants filed motions to sever and stay or strike and dismiss the third-party complaints in April 2006. Plaintiffs request that the Court either dismiss the claims or sever the claims into a separate proceeding and stay that action. Defendants/Third–Party Plaintiffs have additionally moved to amend their complaints to further clarify their causes of action and to add and dismiss certain parties. The current lawsuit involves two Plaintiffs and fourteen Defendants. Defendants/Third–Party Plaintiffs have added more than 160 third-party Defendants.

## II. SEVERING THE CLAIMS WHILE PERMITTING LIMITED DISCOVERY IN THE SEVERED ACTION BEST SERVES JUSTICE AND THE PARTIES

■ Fed. R. Civ. Pro. 14 sets forth the parameters governing third-party complaints. The Rule provides that any party may move to strike the third-party claim. The decision as to whether or not the claim should remain in the proceeding is left to the sound discretion of the court. *See First Nat'l Bank of Nocona v. Duncan Savings & Loan Ass'n,* 957 F.2d 775, 777 (10th Cir.1992) ("The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court.") *citations omitted.*

Courts, in exercising their discretion in determining whether third-party claims should be allowed or stricken, generally balance the benefits of allowing the claim to proceed against the potential prejudice to the plaintiff and the defendant in the lawsuit and the third-party defendant. Courts consider numerous factors in the assessment of whether or not the third-party claims should be severed.

· the potential prejudice to the third-party defendant;

· the potential prejudice to the other parties in the action;

· the status of discovery in the action;

· the delay in seeking impleader.

· judicial efficiency or economy;

· the avoidance of delay in the underlying trial;

· the delay of the third-party plaintiff in asserting the claim; and

· whether or not discovery favors separate trials.

*See e.g. In re Air Crash Disaster,* 86 F.3d 498 (6th Cir.1996); *Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.1984); *In re CFS–*

1. The Court is granting the motion to amend third-party complaints and finding that the motions to dismiss are moot based upon the grant of the amended complaints by separate Report and Recommendation.

*Related Securities Fraud Litigation,* 213 F.R.D. 435 (N.D.Okla.2003); *Wausau Bus. Ins. Co. v. Turner Constr. Co.,* 204 F.R.D. 248, 251 (S.D.N.Y.2001); *Hicks v. Long Island R. R.,* 165 F.R.D. 377, 379 (E.D.N.Y. 1996); *Oliner v. McBride's Indus., Inc.,* 106 F.R.D. 14, 20–21 (S.D.N.Y.1985); *Embassy Electronics, Ltd. v. Lumbermens Mutual Casualty Co.,* 108 F.R.D. 418, 420 (S.D.N.Y. 1985); *State Mut. Life Assur. Co. of Am. v. Arthur Andersen & Co.,* 65 F.R.D. 518, 522 (S.D.N.Y.1975).

Even if a Court concludes that a third-party action should not be stricken, Fed. R. Civ. Pro. 14(a) expressly recognizes that severance of the third-party claims may nevertheless be warranted. Alternatively, severance may be sought under Fed. R. Civ. Pro. 21, which provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. Pro. 21.

■ The Court has considered the arguments of the parties, the briefs submitted by the parties, and the relevant case law. In exercising and reviewing these factors with regard to the present case and the asserted third-party complaints, the Court concludes that the third-party claims by Defendants Cargill, Inc. and Cargill Turkey Production, LLC (collectively "Cargill") and Defendants Tyson Foods Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., Cobb–Vantress, Inc., Cal–Maine Foods, Inc., George's Inc., George's Farms, Inc., Peterson Farms, Inc., Simmons Foods, Inc., and Willow Brook Foods, Inc., (hereafter "Tyson Defendants"), should be severed from the underlying lawsuit.

## A. FACTORS FOR CONSIDERATION IN DETERMINATION OF SEVERANCE OR STRIKE

### 1. Judicial Efficiency

The parties have noted numerous factors to the Court which should be considered in resolving a motion to sever or strike a third-party claim. Judicial efficiency is one factor considered by the courts. *Hicks,* 165 F.R.D. at 379 ("[W]hile the court must weigh efficiency against prejudice, the case law makes clear that this is not a neutral balancing, and that generally, the interests of efficiency will outweigh the dangers of prejudice.").

Defendants maintain that joinder of the third-party claims promotes judicial economy because the claims are handled in one action. Defendants also note that the discovery necessary for the third-party claims will still be required in this action whether or not the third-party claims remain in this action. To this end, Defendants maintain that retaining the claims in this action will decrease duplicative discovery. *See, e.g., FMC Corp. v. Vendo Co.,* 196 F.Supp.2d 1023, 1039 (E.D.Cal.2002).

The Court is not persuaded that retaining these claims in this lawsuit will result in judicial economy. As the parties recognize, the third-party claims will not be pursued unless Plaintiffs prevail. Defendants' argument in support of judicial economy has merit only if Plaintiffs prevail on their claims against Defendants.

Further, Defendants have chosen to sue certain parties, but acknowledge that other potential parties remain who could be sued. Third-party Defendants have noted the potential of joining additional Defendants against whom third-party Defendants can seek redress. Defendants, during oral argument, referenced nine municipalities, 73,000 individual parties with septic systems, and tens of thousands of other individuals or entities who own livestock as potential parties. Defendants have currently chosen not to sue all additional parties who Defendants maintain may be contributors to phosphorus in the Illinois River Watershed. That Defendants have declined to pursue actions against these potential tens of thousands of third-party defendants does not mean that the current Third–Party Defendants will elect not to sue those parties. The existence of numerous other potential defendants who are not joined in this lawsuit means that no assurance exists that litigation ends with this lawsuit. Even if the Court permits this lawsuit to continue with all Third–Party Defendants present, at the conclusion of this lawsuit, Defendants and Third–Party Defendants could file the same type of actions Defendants are currently pursuing against countless others who remain unjoined in this action.

## 2. Prejudice to the Third–Party Defendants

Plaintiffs have moved to sever and dismiss the Third–Party claims. Numerous Third–Party Defendants have joined in Plaintiffs' motions or separately moved to dismiss the pending claims. Third–Party Defendants maintain that Defendants have haphazardly joined parties to weigh-down the current litigation. Third–Party Defendants maintain that requiring the smaller individual Defendants to participate in this lawsuit would be an extremely onerous burden. Third–Party Defendants argue that in the event the Defendants are found liable, Defendants would not pursue a claim against the remaining Third–Party Defendants. Third–Party Defendants note that Defendants have not moved for default judgment against any non-answering Third–Party Defendants.

The "onerous burden" of participating in discovery referenced by Third–Party Defendants will exist regardless of whether this claim proceeds now or proceeds after the conclusion of this lawsuit, unless this lawsuit results in a Defendants' verdict. Therefore, the discovery about which the Third–Party Defendants complain will occur after the conclusion of this lawsuit in any suit by the Defendants/Third–Party Plaintiffs against the Third–Party Defendants. Discovery could be more stream-lined after the conclusion of the current litigation, or alternatively a Defendants' verdict, would obviate the need for discovery.

## 3. Prejudice to the Original Parties in the Action

Plaintiffs strongly urge the severance of the third-party claims. Plaintiffs maintain that their action concerns the amount of pollution caused by the poultry integrator Defendants and that by opening the lawsuit to all of the third-parties named by Defendants this lawsuit becomes unmanageable. Plaintiffs maintain that the expert testimony, issues of proof, science and factual issues are different.

Defendants assert that absent these third-party claims remaining in this lawsuit, that the discovery with regard to the third-party claims will still occur because Defendants' defense will require the same discovery as Defendants' third-party claims. The Court finds that discovery in this action will be of some benefit to Defendants if and when the third-party complaints are pursued.

## 4. Delay in Asserting Third–Party Claims and Joining Third–Party Defendants

The Court does not find any delay on the part of the Defendants in asserting the third-party claims.

## 5. Prejudice to the Defendants

Defendants maintain that Defendants are the only party prejudiced if the claims are severed. Defendants note that Defendants would be forced to incur litigation costs twice. Defendants assert that discovery is easier against parties as opposed to non-parties.

The Court is not convinced that total litigation costs will be lessened if the third-party claims continue in this action. The potential third-parties seem, at this point, virtually limitless. Even if this case continues with the named third-parties, at the conclusion of this case, additional lawsuits could result. The Court is cognizant of Defendants' argument with regard to discovery and non-parties. The Court will not join a party simply to aide the completion of discovery. However, in this case, the Court can sever this action into a separate lawsuit, retain the third-party Defendants as "parties," and permit limited discovery in that lawsuit. Defendants mentioned that, if permitted certain paper discovery, Defendants could obviate some depositions. With the goal of limiting any unnecessary discovery, the Court therefore will sever this action, but permitted some limited discovery in the severed action to assist Defendants in decreasing discovery costs.

## B. BALANCING THE FACTORS SUPPORTS A SEVERANCE OF THE THIRD–PARTY CLAIMS

Plaintiffs maintain that their cause of action is limited to contamination caused by the Defendants which Plaintiffs has sued. Plain-

tiffs characterize the Defendants as the "Poultry Integrator Defendants," and assert that the claims against these Defendants are different in type, character, evidence and proof from the claims asserted by the Defendants against the Third–Party Defendants.

The current action in this Court, as brought by Plaintiffs, involves two Plaintiffs and fourteen Defendants, in what Plaintiffs characterize as a distinct claim against the poultry producers. Defendants' third-party claims further complicate this action by adding claims against numerous third-party Defendants running the gamut of resorts with septic systems, cattle farms with cattle, municipalities with sewage systems, or parties using commercial fertilizers. Defendants' collectively have named over 160 Third–Party Defendants, and 150 "Doe" Defendants. Defendants at oral argument additionally noted other potential contributors of contaminants in the Illinois River Watershed in excess of 73,000.

The Court concludes that severing the action, given the unique circumstances presented in this case, is the best course of action. Severance maintains this action as brought by Plaintiffs. The addition of a minimum of 160 Defendants with a myriad of third-party claims will not contribute to judicial economy. The addition of numerous Third–Party Defendants unduly complicates this action—transforming it from an action with sixteen parties to one with over one hundred and fifty parties, with additional claims and theories of relief. The current number of Third–Party Defendants is unsettled. The Third–Party Defendants noted the distinct possibility of additional claims against additional parties who are not currently in the lawsuit. As represented by Third–Party Defendants during oral argument, the potential third-party defendants number in the tens of thousands. Following the close of this litigation, if Plaintiffs prevail, Defendants and Third–Party Defendants would potentially have claims against numerous currently unnamed parties. The Court therefore concludes that the better course of action is to proceed with the action and parties as filed by Plaintiff.

During oral argument Defendants noted that some depositions of Third–Party Defendants might be avoided if paper discovery is permitted and that traditional paper discovery does not include non-parties. Defendants lamented the inability to conduct such discovery by subpoena and noted this as a reason for continuing the Third–Party Defendants in this action. The Court is open to the idea of reducing the discovery burdens on the parties. Severance of the third-party claims into a separate action retains the Third–Party Defendants as parties, albeit they are in a separate proceeding. The Court will, in that separate action, permit a limited amount of paper discovery with the goal of reducing the overall discovery burden on all parties to both actions. The Court will otherwise stay the severed action. If additional discovery is sought within the stayed action, the party seeking such discovery must first file a motion detailing the requested discovery. The Court does not intend to permit full-blown discovery in the severed action. The only parties to the severed action will be the Defendants who have filed third-party claims and the Third–Party Defendants. If Plaintiffs in this action or other Defendants in this action who are not parties in a severed action want notice or service in a severed action, attorneys for those Plaintiffs and Defendants should enter an appearance on behalf of those Plaintiffs and Defendants in that severed action as an interested party.

The Court has considered all arguments of judicial economy and efficiency presented by the parties. By severing the third-party complaints and staying that action, judicial economy will be best served. Severance of the action will permit this action to proceed without complicating it with numerous parties, attorneys, and claims. The Court will permit some limited paper discovery in the severed action in an effort to decrease the discovery burden on all parties. If Defendants prevail in this action, further discovery in the severed action would, in all likelihood, be unnecessary. If Plaintiffs prevail, the severed action may proceed with special emphasis paid to joining all parties necessary to the action. By severing the third-party claims into a separate lawsuit, the Court can more effectively manage claims which Plaintiffs articulate are different from the remaining claims in this lawsuit.

Plaintiffs and some Third–Party Defendants also filed a motion to "strike" the third-party claims. The language "strike" appears in Fed. R. Civ. Pro. 14. "Striking" the claims would be tantamount to a dismissal of the claims. To the extent that Plaintiffs and Third–Party Defendants seek to strike or dismiss the third-party claims, the United States Magistrate Judge recommends that the District Court deny the motions to strike or dismiss. The United States Magistrate Judge will enter a separate Report and Recommendation recommending that the District Court treat the motions to strike as a motion to dismiss and find the motions moot due to the filing of the first amended complaint. *See* 28 U.S.C. § 636.

## III. MOTIONS TO AMEND SHOULD BE GRANTED

The Court is granting the motion of Plaintiffs and Third–Party Defendants to sever the third-party claims. Defendants/Third–Party Plaintiffs have moved to amend their complaints. Plaintiffs oppose the motions to amend the complaints. However, Plaintiffs are not parties in the severed action. Defendants/Third–Party Plaintiffs wish to amend, in part, to include some additional parties and eliminate some previously included parties. Some Third Party Defendants oppose the motion to amend asserting that amendment will be futile and requesting dismissal of the action.

The Court has considered the arguments of the parties and concludes that the motion to amend should be granted. The amendments will, at a minimum, clarify the parties that the Defendants/Third–Party Plaintiffs are suing. Granting the amendment will render the currently pending motions to dismiss moot. The motions to amend should be filed in the severed action. The Court will stay the severed action, permitting only limited discovery in that action. Defendants in the severed action may file motions to dismiss, if appropriate, after the stay is lifted in the severed action.